**MATTHEW RIGHETTI, ESQ.**     {CSB# 121012}
matt@righettilaw.com
**JOHN GLUGOSKI, ESQ.**        {CSB# 191551}
jglugoski@righettilaw.com
**MICHAEL RIGHETTI, ESQ.**     {CSB #258541}
mike@righettilaw.com
**RIGHETTI GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:    (415) 983-0900
Facsimile:     (415) 397-9005


**JASON M. KRUMBEIN, ESQ**     {VSB# 43538}
**KRUMBEIN CONSUMER LEGAL SERVICES, INC**
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
Telephone:    (804) 673-4358
Facsimile:     (804) 673-4350

Attorneys for Appellants Card,
Hernandez, Gentry and Skaf, et al.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**

| | |
|---|---|
| Gentry et al.,<br><br>    Appellants<br><br>    v.<br><br>Circuit City Store, Inc., *et al.*,<br><br>    Appellees | Case No. 3:10-cv-00567-HEH<br><br>**APPELLANTS' OPENING BRIEF REGARDING APPEAL FROM BANKRUPTCY COURT'S ORDER DENYING APPELLANTS' MOTION TO APPLY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM**<br><br>Date:  TBD<br>Time:  TBD<br>Hon. Henry E. Hudson |

# TABLE OF CONTENTS

Page

I.     BASIS FOR APPELLATE JURISDICTION..................................................................1

II.    STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW.................1

      A.     Statement of Issues Presented..................................................................1

      B.     Standard of Review..................................................................................1

III.   STATEMENT OF THE CASE...................................................................................1

      A.     Statement of Facts....................................................................................2

           1.     The Chapter 11 Bankruptcy Cases In the Eastern District of Virginia........2

           2.     The Class Action Complaints, Class Proofs of Claims and Appellees' Omnibus Objections Thereto.................................................................3

           3.     Appellants' Request for Discovery Pursuant to Federal Rule of Civil Procedure Rule 56.................................................................................5

                a.     The Rule 56 Motion and Appellees' Supplement to Objections.................................................................................6

                b.     The Court's Order Re. Appellees' Motions for Summary Judgment and Supplement to Objections............7

           4.     Appellants' Motion to Apply Bankruptcy Rule 7023 to Creditors' Class Proofs of Claim.................................................................................7

IV.   SUMMARY OF ARGUMENT...................................................................................8

      A.     Authorized Agent to File a Class Proof of Claim.......................................9

      B.     Appellants Timely Brought Their 7023 Motion Following Appellees' Supplement to Objections Nineteen and Thirty-one................................9

      C.     The Notice Procedure Used to Inform Appellants' Putative Class Members Violates Their Due Process Rights..................................................10

      D.     Class Action is the *ONLY* Manner in which to Vindicate the Rights of the Unnamed Claimants in these Cases....................................................11

**V.**   ARGUMENT..................................................................................................11

    **A.**   Appellants are Authorized to File Class Proofs of Claims....................11

        1.   The Court erred by finding that Appellants are not "authorized agents.".13

        2.   The cases cited by the Bankruptcy Court on this issue are inapposite......14

        3.   Appellants Unfair Competition Law claims deputize them to serve as representatives of the general public............................................15

    **B.**   Appellants Timely Brought Their 7023 Motion Following Appellees' Objections.......................................................................16

        1.   Appellants promptly moved the Bankruptcy Court to apply Rule 7023 to their class proofs of claim Objections.......................................17

        2.   No authority supports the Bankruptcy Court's proposition that Appellants' motion had to be brought before the Bar Date...............................18

    **C.**   The Bankruptcy Court Erred in Finding that these Cases were not Suitable for Certification Without Holding an Evidentiary Hearing............................19

        1.   Ignoring its own instructions, the Bankruptcy Court then made factual findings that are not supported by the Record................................20

    **D.**   The Notice Procedure Used to Inform Putative Class Members did not Comport with Due Process or Rule 23.............................................................21

        1.   The putative class claimants herein are entitled to Rule 23 Notice – and the generic bankruptcy is not superior to Rule 23 Notice...................23

            a.   The Bankruptcy Court denied putative class members due process...............................................................................23

            b.   The Bankruptcy Court effectively transformed these "opt-out" class actions into "opt-in" class actions........................................25

        2.   The putative class members in Appellants' putative class action complaints are known creditors............................................25

        3.   There is no evidence in the record supporting the Bankruptcy Court's conclusion that providing actual notice to unnamed claimants would have "involved significant time and expense."......................................27

**VI.**   RELIEF SOUGHT..........................................................................30

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*California Offset Printers, Inc. v. Hampton Intern. Communications, Inc.*,

    95 F.2d 1156 (C.A.9 (Cal.) 1996)..................................................................20,28

*In Re Charter Co.*,

    876 F.2d 866 (C.A. 11 (Fla) 1989)..............................................…....16,17,18

*In Re Computer Learning Center*

    344 B. R. 79 (Bankr. E.D. Va. 2006)...................................................................19,24,25

*In Re Ephedra Prods. Liab. Litig.*,

    329 B.R. 1 (S.D.N.Y 2005)…................................................…...…….....21

*In re Kielisch*,

    258 F.3d 315 (C.A.4 (Va) 2001)................…..........................................1

*In re J.A. Jones, Inc.*,

    492 F.3d 242 (C.A.4 (N.C.) 2007)……..................…............……....22,25,26

*Mullane v. Central Hanover Bank & Trust Co.*,

    339 U.S. 306 (1950)…..............................................................22

*In re Litton*,

    330 F.3d 636 (C.A.4 (Va) 2003)…..............................................................1

*In Re Manville Forest Products Corp.*,

    89 B.R. 358 (Bankr. S.D.N.Y 1988).....................................…....14,15

*In Re North Bay General Hospital, Inc.*,

    404 B.R. 443 (Bankr. S.D. Tex. 2009)….........................................….....14,15

*In re Nissan Motor Corp. Antitrust Litigation*,

    552 F.2d 1088 (5th Cir. 1977)….............…....................................…..........23

*Matter of American Reserve Corp*.

    840 F.2d 487 (C.A. 7 (Ill.), 1988)..........................................................9,11,12,13,14,15,18

*Mennonite Bd. of Missions v. Adams*,

    462 U.S. 791 (1983)..........................................................................................26

*Reid v. White Motor Corp*.

    886 F.2d 1462 (C.A. 6 (Ohio) 1989)...............................................................18

*Tulsa Professional Collection Service, Inc. v. Pope*,

    485 U.S.478 (1988).........................................................................................26


**STATE CASES**

*Cortez v. Purolator Air Filtration Products Co.*

    23 Cal.4th 163, (2000)....................................................................................15

*Gentry v. Superior Court*

    (2007) 42 Cal.4th 443....................................................................................4,27

*Saunders v. Superior Court*,

    27 Cal.App.4th 832 (Cal.App. 2 Dist.,1994)..................................................15

*Savon Drug Stores, Inc*. v. *Superior Court*,

    34 Cal.4th 319 (2004)....................................................................................27

**FEDERAL STATUTES**

28 U.S.C. §157..........................................................................................................1

28 U.S.C. §158..........................................................................................................1

11 U.S.C. § 501....................................................................................................12,13

11 U.S.C. § 502.......................................................................................................17

Federal Rule of Bankruptcy Procedure 3001...........................................................13

Federal Rule of Bankruptcy Procedure 3002.............................................................8

Federal Rule of Bankruptcy Procedure 7023.................................................7,12,16

Federal Rule of Bankruptcy Procedure 8013.................................................................1

Federal Rule of Bankruptcy Procedure 9014............................................................12

Federal Rule of Civil Procedure 23.......................................................................23

Federal Rule of Civil Procedure 52(a)...........................................................20,21,27

## STATE STATUTES

Cal. Business and Professions Code § 17200 et seq.......................................3,7,15

## SECONDARY AUTHORITIES

*Federal Judicial Center*, <u>Illustrative Forms of Class Action Notices,</u> www.fjc.gov/, Class Action
        Notices Page.................................................................................22,23

*Newberg on Class Actions*, Conte, Alba and Newberg, Herbert, Fourth Edition, Ch. 8, §31,
        <u>Content of Rule 23(c)(2) Notice</u>.......................................................23

## I.    BASIS FOR APPELLATE JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §157 and 28 U.S.C. §158. *C.f. In Re Computer Learning Center*, 344 B.R. 79 (Bankr. E.D. Va. 2006)

## II.    STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

### A.    STATEMENT OF ISSUES PRESENTED

1. Whether the Bankruptcy Court ("Court") erred in holding that Appellants Robert Gentry, Joseph Skaf, Jack Hernandez and Jonathan Card ("Appellants") were not "authorized agents of the unnamed class claimants, and thus were not entitled to file class proofs of claim on behalf of unnamed claimants in the first instance."

2. Whether the Court erred in holding that Appellants were required to file a motion pursuant to Federal Rule of Bankruptcy Procedure ("FRBP) Rule 9014 to apply FRBP Rule 7023 to their class proofs of claim *before* the expiration of the Bar Date for the Class Claims to be timely.

3. Whether the Court erred in finding that the case was not suitable for certification (i.e., a class action was not superior to bankruptcy claims process) (a) without a class certification evidentiary hearing, and (b) due to the court's conclusion that a generic bankruptcy notice process was superior to the Rule 23 notice process.

### B.    STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo. See* Rule 8013, Fed. R. Bankr.P.; *In re Kielisch,* 258 F.3d 315, 319 (4th Cir.2001). Mixed questions of law and fact are also reviewed *de novo. See In re Litton,* 330 F.3d 636 (C.A.4 (Va) 2003). As the matters appealed from did not emanate from an evidentiary hearing, per the Bankruptcy Court's own conclusion, all issues on appeal should be reviewed *de novo.*

## III.    STATEMENT OF THE CASE

Each Appellant represents a distinct class of former employees of Circuit City (hereafter

"Appellees") in putative class actions filed in the State of California. The Skaf, Card, and Hernandez Complaints were filed in 2008, and the Gentry Complaint was filed in 2002. The State Court actions were automatically stayed pending this bankruptcy proceeding. Appellants allege that Appellees cheated employees out of overtime wages by routinely misclassifying customer service positions as "exempt" from California's strict wage and hour overtime requirements.

After Appellees filed their bankruptcy petitions, Appellants timely filed class proofs of claims in January, 2009 on behalf of themselves and all similarly situated claimants.[1]  Appellees did not object to the proofs of claims on the grounds that they were filed as class claims until over one year later (February, 2010)(Appellees' Supplement to Nineteenth and Thirty-first Objection), well after the bar date had passed. See Exs. 6 and 13.

Following a hearing before the Bankruptcy Court on March 25, 2010, the Court sustained Appellees' objections on the grounds that Appellants had not made FRBP Rule 7023 applicable to their proofs of claim.  However, the court granted Appellants leave to file a motion to apply FRBP Rule 7023 to their proofs of claims.  See Ex. 18

Appellants immediately filed their Omnibus Motion to Apply FRBP Rule 7023 to their class proofs of claims.  Appellees opposed the motion.  The Bankruptcy Court denied the motion and submitted a written Order and Memorandum Opinion. Exs. 25 and 26. Appellants appealed.

## A.    STATEMENT OF FACTS

### 1.    The Chapter 11 Bankruptcy Cases In the Eastern District of Virginia.

Appellees filed petitions in Bankruptcy Court for the East. Dist.of VA on November 10, 2008.  See Ex. 20, pg. 2.  Kurtzman Carson Consultants LLC ("KCC") was appointed as agent for claims and noticing procedures. On December 19, 2008 KCC mailed a generic notice of the Claims

---

[1]     Pursuant to the Bar Date Order, the bar date for filing proofs of claim for claims arising before November 10, 2008 against Appellees was January 30, 2009.

Bar Date Notice to Appellees' employees for the three years prior to the Petition Date.[2]  See Ex. 21.

The "notice" states in similar size font:

> On December 11, 2008, the United States Bankruptcy Court for the Eastern District of Virginia, (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing **January 30, 2009 at 5:00 p.m. (Pacific Time)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").  Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), including persons, estates, trusts, and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors listed on page 4 below, to file a proof of claim so that such proof of claim is received on or before 5:00 p.m., Pacific Time, on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier.

> The notice also provides a "Definition of Claim:"

> For purposes of the Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors listed on page 4 below: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

*Id.*, pg. 2.  The notice contains seven pages of legalese.  It does not mention the rights of putative class members whatsoever.  Appellees contend this "notice" was sufficient to satisfy due process for individuals employed within three years of the Petition Date.

Appellees also published notice of the claims bar date in the <u>Richmond Times-Dispatch</u> (Ex. 22) and the <u>Wall Street Journal</u> (See Exhibits 23).  Neither publication was calculated to reach the former California employees because none would have had access to the obscure Richmond Times-Dispatch and few, if any, qualify as targeted clientele for the Wall Street Journal.  Moreover, their content is hardly discernible.  Exhibits 22 and 23 represent the true versions of the publications.

**2.    The Class Action Complaints, Class Proofs of Claims and Appellees' Omnibus Objections Thereto.**

Generally, each of the four class action complaints include allegations that Appellees violated both California wage and hour statutes and Cal. Business & Professions Code section 17200 et. seq. (Unfair Business Practices or Unfair Competition law "UCL").

*Gentry v. Circuit City, Inc. and Hernandez v. Circuit City, Inc.*

*Gentry v. Circuit City, Inc.* was originally filed in 2002 in the Los Angeles Superior Court.

---

[2]    The generic pro forma bankruptcy notice did not purport to advise employees about the allegations of the lawsuits, or their employment rights under California law – and was not mailed to any employees who were employed in California earlier than 3 years preceding the bankruptcy petition even though Appellee had names and addresses of its employees.

The case covers all California salaried customer service managers who worked overtime for Appellees and were not paid overtime wages from within the four years preceding the filing of the complaint and up to the time defendants eliminated the position in March, 2001. Mr. Gentry held the position of customer service manager for Circuit City during the class period. A copy of the *Gentry* Complaint is attached to the Declaration of Michael Righetti as Exhibit 1.[3]

This case was litigated for several years in the California courts as Appellees sought to enforce an arbitration agreement that included a ban on class actions. The enforceability of the ban on class actions was litigated heavily and resulted in a landmark decision from the California Supreme Court (*Gentry v. Superior Court* (2007) 42 Cal.4th 443). Notwithstanding the *Gentry* Supreme Court decision, Appellees continued to enforce the ban on class actions. When the trial courts rejected Appellees' machinations, Appellees appealed those orders as well. Appellees were appealing two trial court orders in *Gentry* (California 2d Dist. Court of Appeals) and *Hernandez* (California 4th Dist. Court of Appeals) at the time they filed bankruptcy.

*Hernandez v. Circuit City, Inc.* was originally filed on April 17, 2008 in the San Diego Superior Court. The case covers all California based salaried store managers who worked at any time during the four years preceding the filing of the Complaint up to the date Appellees stopped doing business in California at any of Appellees' retail locations in the State of California. Mr. Hernandez held the position of Sales Manager during the class period. See Exhibit 2.

On January 13, 2009, Appellants Gentry and Hernandez timely filed priority class proofs of claim. See Exhibit 3. On June 26, 2009, *nearly six months after receiving Gentry's and Hernandez's class proofs of claim,* Appellees filed Nineteenth Omnibus Objection, which merely sought to reclassify the claims to unsecured, non-priority claims. Ex. 4. Appellees did not object on the grounds that the claims were submitted on behalf of unnamed claimants. Gentry and Hernandez

---

[3]     Unless otherwise indicated, any and all references to Exhibits throughout this brief shall be attached to the Declaration of Michael Righetti.

responded on the grounds that they were void of any facts and/or argument. Ex. 5.

On February 25, 2010, Appellees filed a Supplement to the Nineteenth Omnibus Objection. *For the first time since receiving Gentry's and Hernandez's class proofs of claim over 13 months prior*, Appellees sought to disallow Gentry's and Hernandez's class proofs of claim. Exhibit 6. Appellees simultaneously filed a Motion for Summary Judgment seeking to reclassify the claims to general, unsecured claims. Ex. 7.

<u>*Card v. Circuit City, Inc. and Skaf, et al. v. Circuit City, Inc.*</u>

*Card v. Circuit City, Inc.* was filed on November 3, 2008 in the San Diego Superior Court, and *Skaf, et al. v. Circuit City, Inc.* was originally filed on December 19, 2008 in the Los Angeles Superior Court. The complaints include all California assistant managers and other department managers who worked during the class periods. The cases allege, inter alia, that Appellants and other assistant/department managers were denied overtime pay. See Exhibits 8 and 9.

In January, 2009, Card and Skaf filed class proofs of claim. See Ex. 10. On August 20, 2010, *nearly nine months after receiving Card's and Skaf's class proofs of claims*, Appellees filed Thirty-first Omnibus Objection, which contained generic perfunctory language. Exhibit 11, para 11-12. Appellants responded asserting that they were void of any facts and/or argument. Exhibit 12. Appellees did not object on the grounds that Card and Skaf had filed class claims.

Many months later, Appellees filed Supplement to Thirty-first Omnibus Objections. *For the first time since receiving Appellants Card's and Skaf's class proofs of claim over 13 months prior*, Appellees sought to disallow the class claims. See Exhibit 13. Appellees simultaneously filed a Motion for Summary Judgment to reclassify Card's and Skaf's claims to unsecured claims. Ex. 14.

3. **Appellants' Request For Discovery Pursuant to Federal Rule of Civil Procedure Rule 56.**

In response to Appellees' Supplement to Objections and Motions for Summary Judgments, Appellants filed an application for FRCP Rule 56(f) Discovery. See Ex. 15. Appellants

demonstrated that due to the automatic stays, Appellants were prevented from conducting any discovery. See Ex. 16, Decl. of Matthew Righetti in Support of Appellants' Rule 56 Motion, para. 7. Appellants highlighted that Appellees had not so much as answered the Complaints. *Id.* Thus, Appellants could not respond to the Motions for Summary Judgment or Supplement to Objections.

Moreover, Matthew Righetti repeatedly contacted Appellees' counsel to discuss these claims. *Id.* Para. 8. Mr. Righetti asked if Appellees would stipulate to relief from the automatic stay to litigate in State court (with the proviso that the parties would then return to the Bankruptcy Court so any resulting judgment could be handled in the Eastern District of Virginia). *Id.*

Appellees' counsel informed Mr. Righetti that they would not consider relief from the automatic stay to litigate the claims. *Id.* In addition, due to the fact that this is a ***liquidating*** case, the Court repeatedly advised counsel that it disfavored motions requesting relief from stay to litigate in State court, as it is a waste of resources. The Court wanted all matters to stay in Virginia and remain subject to the stay, a fact which the Court confirmed at the March 25, 2010 hearing. Ex. 17, pg. 75: 13-21 (Court confirms preference to deny requests for discovery).

### a.    The Rule 56 Motion and Appellees' Supplement to Objections

Appellees' Supplement to Objections asserted that Appellants were not authorized to file class proofs of claim pursuant to FRBP Rule 7023. See Ex. 6 and Ex. 13. Appellants responded by demonstrating that they could not meet their evidentiary burden without conducting *at least some* discovery pertaining to FRCP Rule 23. Nevertheless, the Court confirmed that a Rule 7023 motion is not an evidentiary motion for proving the elements of Rule 23. The Court specifically stated:

THE COURT: Only to the extent that -- will it aid the Court in administering the case? That's what a Bankruptcy Court is going to be concerned about. Or is it going to interfere with the administration of the bankruptcy estate? That's what the 7023 motion is about. And that's why you do it on a threshold basis. And, yes, you can say these are the factors we're going to have to prove for class certifications, but you don't have to put on evidence, or prove any of that at that point in time. You can make those allegations, say this is what it is, this is what we're going to have to show, this is what we think we can show, and then

the Court can decide whether it makes sense from a case administration standpoint to proceed in that fashion.

MR. RIGHETTI: Okay. Well, so then, Your Honor, will the Court hear a 7023 motion at this time?

THE COURT: Once it's filed I certainly will. Ex. 17, pg. 88:18-89:10.

### b.   The Court's Order Re. Appellees Motions for Summary Judgment and Supplement to Objections.

The Court granted Appellees' Motions for Summary Judgment and reclassified the class claims from priority claims to unsecured, general claims. See Ex. 18. The Court's Order was without prejudice to seek Rule 7023 relief. *Id.* at Para. 3.

In light of the Court's guidance at the hearing (and with the understanding that Appellants need not make the evidentiary showing required by Rule 23), Appellants filed their omnibus motion to apply Rule 7023 to their respective class proofs of claims. See Ex. 19.

### 4.   Appellants' Motion to Apply Bankruptcy Rule 7023 to Appellants' Class Proofs of Claim.

Appellants argued that the Court should apply FRBP Rule 7023 to the class claims because:

1) Appellants' request was timely, and Appellees' were not prejudiced by the filing of the class proofs of claims;

2) Appellees did not provide appropriate notice of the pending actions to unnamed claimants even though Appellees are statutorily required to maintain last known contact information for their employees;

3) Appellants' class action complaints allege common questions of law applicable to each of the four respective groups of former employee class members.   And, under California's UCL (Bus. and Prof. Code § 17200, et seq.) Appellants are statutorily empowered with standing to seek relief on behalf of the alleged class without class certification under Rule 23; and

4) Appellees should be equitably estopped from objecting to Appellants' request due to their unjustified delay in objecting to the Appellants' proofs of claims on the grounds that they were filed as class proofs of claims. See Ex. 19.

Appellees opposed Appellants' motion. See Ex. 20. The Court heard oral argument on April 15, 2010. Ex. 24. At the hearing, the Court appeared most concerned with whether Appellants had

the *authority* to file class proofs of claim on behalf of unnamed claimants pursuant to Section 501 of the Bankruptcy Code and FRBP Rule [3002].[4] *Id.* at 51: 14-20 and 52:17-24. The Court also inquired as to the form and manner of notice to putative class members, the benefits and costs of the class litigation, and whether – despite the mandate of Rule 7023 – the bankruptcy forum is sufficient in and of itself to address class action-type issues. *Id.* at pgs.33:19-21; 44:20-46:5.

Following the hearing, the Court denied Appellants' motion.  The Court found that Appellants did not have authorization to file class proofs of claim on behalf of unnamed claimants. *Id.* at 64:23-25.  The Court "shored up" its ruling by finding that 1) class action litigation would be inferior to the claims resolution process; 2) the class proofs of claim would unduly complicate the administration of the bankruptcy proceedings; 3) the putative class members were *unknown* Appellants thereby making publication notice sufficient; and 4) the generic bar date notice issued to known creditors was superior to the notice contemplated by Rule 23 – all without reference to any factual record whatsoever. *Id.* at 65:15-66:7. As a result, the Court disallowed the class claims as to all unnamed claimants, but allowed the proofs of claims on behalf of the named Appellants. The Bankruptcy Court issued a Memorandum Opinion and Order on May 28, 2010.  See Exs. 25 and 26.

## IV.    SUMMARY OF ARGUMENT

After an entire of decade of litigation in the trenches of California's State Courts, with the stroke of a pen – in what was supposed to be a non-evidentiary hearing – the Court extinguished the rights of thousands of formerly employed workers. The Court's Memorandum of Opinion does not apply the law, but rather *creates* law out of whole cloth (all in derogation of Rule 7023 which specifically authorizes bankruptcy courts to handle class action claims).  Clearly hostile to the concept that any bankruptcy court should be burdened with litigating class claims, the Court

---

[4]      During the hearing, the Court and Appellees' counsel mistakenly referred to Federal Rule of Bankruptcy Procedure Rule 2002 instead of Rule 3002 during parts of the hearing on Appellants' Motion.  The Court's order correctly refers to Bankruptcy Rule 3002 at pg. 64:17-21.

manufactured a ban on class actions in bankruptcy proceedings. In its decision the Court arrogated to itself the right to contradict the plain language of the FRBP and contradicted the holdings of other Circuit Courts of Appeal who have recognized the right to litigate class actions in bankruptcy.

## A.      Authorized Agent to File a Class Proof of Claim.

As noted above, the Court found that Appellants were not "authorized" to file class proofs of claim on behalf of unnamed Appellants pursuant to Code of Bankruptcy 501 and FRBP Rule 3001(b) and 3002. In its analysis, the Court cited *American Reserve* 840 F.2d 487 (7th Cir. 1988). Yet, *American Reserve* is analogous to the present case; it held that a putative class representative *is authorized to file on behalf of similarly situated individuals* – even though a class had yet to be certified prior to filing the class claims. The Court simply misapprehended *American Reserve* or misapplied the law to the present facts which are remarkably similar to *American Reserve.*

Moreover, putative class representatives are "authorized" to file on behalf of unnamed class members because class representatives are authorized to prosecute claims via the Rule 23 certification process. Additionally, all these cases include claims under Cal. Bus. & Prof. Code § 17200, i.e. Unfair Business Practices, which specifically authorizes a representative plaintiff to sue *and recover restitution* on behalf of a group of absent individuals without class certification.

Finally, the Court's findings are unsupported by the statutes or case law cited in the Court's Memorandum Opinion and Order. None of the cases relied on by the Court involve class action claims in bankruptcy. To require a putative class representative to seek express authorization from each putative class member contradicts the entire spirit and purpose of Rule 23 – class representation where joinder of individual claims is impractical.

## B.      Appellants Timely Brought Their 7023 Motion Following Appellees' Supplement to Objections Nineteen and Thirty-one.

The Court found that Appellants' Motion had to be brought, in the first instance, before the expiration of the bar date for the Class Claims to be failed timely. This effectively re-writes the

Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. There is no specific time required for filing a 7023 Motion – it can be made "at any stage in a particular matter." The Court's self-imposed deadline that is not required by statute is plain error.

Moreover, Appellees failed to object to the class proofs of claim on the grounds that they were filed as class claims until after the bar date. A cardinal rule of bankruptcy law is that class claims are deemed allowed until and unless there is an objection. Yet the Court's ruling confounds that rule by judicially manufacturing a trap for practitioners by imposing deadlines and requirements that a) conflict with other circuits, and b) are found nowhere in the rules or statutes. This judicially created trap for the unwary places the Eastern District of Virginia in conflict with every other circuit that has considered these issues.

## C. The Notice Procedure Used to Inform Appellants' Putative Class Members Violates Their Due Process Rights.

The Court found that Appellees' notice procedure was "reasonably calculated, under the circumstances, to apprise interested persons of the pendency of the bankruptcy case and of the Bar Date as required to satisfy due process." Ex. 25, pg. 16. Yet, it is undisputed that Appellants never provided any notice designed to pass muster under Rule 23! Appellees only provided the generic bankruptcy notice (Ex. 21), which is drowning in legalese, to a small cross-section of the class – i.e., only employees dating back three years from the petition date (even though the class claims date back far longer). The putative class members include former employees of Defendant dating back four years from the date each class action complaint was filed. Other than the generic notice, Appellees merely published a summary notice of the bar date in fine print in the obscure Richmond Times- Dispatch and the Wall Street Journal. Incredibly, the Court deemed that these rudimentary bankruptcy notices were superior to Rule 23 notices and would serve to bar class claims for all California class members, including any employee in California who worked **prior to** three years before the petition. A finding that the generic bankruptcy notice is sufficient to supplant Rule 23

10

class notice betrays the Court's hostility to and/or unfamiliarity with class action procedure.

**D.     A Class Action is the *ONLY* Manner in which to Vindicate the Rights of the Unnamed Claimants in these Cases.**

Further emasculating the applicable rules allowing class actions in bankruptcy, the Court also found that the claims resolution process in bankruptcy would be a more *effective* way to administrate all claims arising from the class actions. This finding defies all logic and ignores the mandates of class action procedure. The unnamed claimants were deemed to be "unknown creditors" based on Appellees' baseless arguments that it did not know which former employees were affected by the class action complaints. This argument was specious because the ascertainability of the classes is easily determined by the employer's records. Yet, accepting this argument, the Court found that publication notice (which was carried out through the obscure Richmond Dispatch and Wall Street Journal) comported with due process and was superior to Rule 23 procedure. In actuality, the result was a notice process that did nothing to inform putative class members of their rights, the existence of any of these lawsuits, the right to be represented by the named plaintiffs, the right to opt-out, etc. By finding the routine bankruptcy processes more superior than Rule 23, the Court eradicated class actions *in toto*. This attempt by the Court to ignore legislative rules and usurp legislative powers is startling and should not be countenanced.

## V.     ARGUMENT

**A.     Appellants are Authorized to File Class Proofs of Claims.**

In *Matter of American Reserve Corp.* the Seventh Circuit answered the same question posed by the Court at the April 15, 2010 hearing, i.e. whether putative class representatives are authorized to file class proofs of claim in bankruptcy prior to achieving class certification. The Seventh Circuit answered in the affirmative. It specifically held that "a representative may file a proof of claim on behalf of a class of similarly-situated persons" prior to ever certifying a class. *Id.* at 493.

In *American Reserve*, the Huddlestons filed a class action in 1979 in state court contending

that Reserve Insurance Co. had committed fraud. *Id.* at 488.  Later that year, the Illinois Director of

Insurance declared Reserve insolvent. *Id.*  In 1980, before the state court decided whether to certify

the class, Reserve filed a bankruptcy petition, which automatically stayed the state court

proceeding. *Id.* The Huddlestons then filed a proof of claim in Reserve's bankruptcy on behalf of

themselves as well as all members of the class of people who purchased policies between 1977 and

1979.  Reserve's trustee contested the representative claim, maintaining that each policyholder had

to file separately. *Id.* The district court agreed and sustained Reserve's objection to the class claim.

On appeal, the Seventh Circuit engaged in a focused discussion of the Bankruptcy Code and

the FRBP.  Rule 7023 provides: "Rule 23 of Federal Rules of Civil Procedure applies in adversary

proceedings." FRBP Rule 9014, which applies to "a contested matter in a case ... not otherwise

governed by these rules" states that "[t]he court may at any stage in a particular matter direct that

one or more of the other rules in Part VII shall apply." Rule 9014 thus dictates that bankruptcy

judges are to apply Rule 7023 -- and thereby Fed.R.Civ.P. 23 -- to "any stage" in contested matters.

Filing a proof of claim is a "stage". *Id.* at 488. The Seventh Circuit explained:

> All disputes in bankruptcy are either adversary proceedings or contested matters . . .
> so Rule 23 may apply throughout a bankruptcy case at the bankruptcy judge's
> discretion. Rule 23 provides for filing by a representative, not just prosecution by a
> representative of claims already pending. So the right to file a proof of claim on
> behalf of a class seems secure.

*Id.* Following this discussion, the court focused on Bankruptcy Code § 501, which provides:

> (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder
> may file a proof of interest.
> (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to
> such creditor with the debtor, or that has secured such creditor, may file a proof of such
> claim.
> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee
> may file a proof of such claim.

This statute, the court noted, provides for filings by "representatives," i.e. an indenture trustee, a

bankrupt's co-creditor, and a bankrupt on behalf of a creditor, but it does not authorize one creditor

to file a proof of claim on behalf of another. *American Reserve* at 492. Nevertheless, the court found

that the list in § 501 is not exclusive. *Id.*

Indeed, a finding that § 501 does not authorize a representative to file a claim on behalf

of another *contradicts* the express language of other statutes, namely, FRBP § 3001(b): a proof of

claim shall be executed by the creditor or the creditor's authorized agent." *Id.* at 493. "Authorized

agents" are not listed in § 501, thus FRBP 3001(b) would be rendered meaningless if § 501 is

treated as an exclusive list of those who have authority to file proofs of claims. *Id.*

Another statute that would be rendered meaningless, the Seventh Circuit highlighted, would

be Rule 7023 itself. *Id.* The court stated:

> A Rule 23 class action is not simply a device by which one plaintiff prosecutes the case
> after many have filed separate suits (or intervened in a pending suit); it is a device by
> which the representative is an agent for persons who have not appeared or given even
> tacit consent. See Diane Wood Hutchinson, *Class Actions: Joinder or Representational
> Device?*, 1983 Sup.Ct.Rev. 459, 497-507. If § 501 prevents the class representative from
> prosecuting the claim on behalf of anyone who failed to file a proof-of-claim form (the
> equivalent of intervening in the pending bankruptcy case), then there will never be a
> *Rule 23* class action; there will only be a "spurious class action"; yet Bankruptcy Rule
> 7023 says that there are to be Rule 23 class actions in bankruptcy.

*Id.* Thus, filing by representatives is permitted by Bankruptcy Code § 501 and FRBP 3001(b).

**1.     The Court erred by finding that Appellants are not "authorized agents."**

The Court simply misapplied, ignored, or misapprehended the Bankruptcy Code and the

FRBP. The Court cited *American Reserve*, 840 F.2d at 488, ("[T]he right to file a proof of claim on

behalf of a class seems secure, at least if the bankruptcy judge elects to incorporate Rule 23 via Rule

7023 via Rule 9014.") Ex. 25, pg. 7. Despite this language and the detailed analysis of the

legislative history and statutory construction of the Bankruptcy Code and FRBP, the Court

determined that Appellants were not "authorized agents." Ex. 25, Memorandum Opinion, pg. 8.

The Bankruptcy Court wrote at pages 8-9 of its Memorandum Opinion:

> Generally, a proof of claim cannot be filed by anyone other than the creditor, an
> authorized representative of that creditor, or an indenture trustee. *See* 11 U.S.C. §

13

501(a)("A creditor or an indenture trustee may file a proof of claim."); Fed.R. Bankr. P. 3001(b)("A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rule 3004 and 3004.")

. . .

In these cases, there was no express authorization by the Unnamed Claimants and the classes have never been certified. Class Counsel was not appointed by any court to serve as class counsel under Civil Procedure rule 23(g)(1) and therefore was not authorized to file the Class Claims on behalf of the Unnamed Claimants as their authorized representative.

The Court erred in the same way as the lower court did in *American Reserve*. In *American Reserve*, no class had been certified prior to filing the class proof of claim, yet this mattered not in determining whether a putative class representative was an "authorized agent" of unnamed creditors. As the Court in *American Reserve* made clear, "Section 501 does not interfere with filing by an agent. The representative in a class action is an agent for the missing." *American Reserve*, 840 F.2d at 493. Accordingly, the Court's legal determination that Appellants were not authorized to file class proofs of claim in the first instance constituted error.

**2.      The cases cited by the Bankruptcy Court on this issue are inapposite.**

In support of its erroneous conclusion, the Court cited *In Re North Bay General Hospital, Inc.*, 404 B.R. 443, 458 (Bankr. S.D. Tex. 2009) and *In Re Manville Forest Products Corp.* 89 B.R. 358 (Bankr. S.D.N.Y 1988). Neither case involved even remotely similar circumstances.

In *North Bay General Hospital* the precise issue addressed in the opinion was whether an individual may represent a distinct group of unsecured creditors in a Chapter 11 case simply by virtue of his appointment as an "unsecured creditor agent" in a confirmed bankruptcy plan in a prior case. *North Bay General Hospital*, 404 B.R. at 448. The bankruptcy court denied the unsecured creditor agent's Motion to Confirm Authority due, in part, to the "tenuousness" of his agency and because for nearly one hundred days after he filed the proof of claim, he neglected to disclose the creditors he purported to represent, the amount of their respective claims, and the extent to which he is allegedly authorized to represent them. *Id.* at 466-467.

In *Manville Forest Products Corp*, a lessee failed to establish that corporate lessor's employee had express authority in writing to enter into exploration agreement as required to bind a corporation with respect to immovable property under Louisiana law. 89 B.R. at 364.

Neither case speaks to the authority of a class representative to file a class proof of claim on behalf of the class s/he purports to represent as framed by the pleadings. The case most analogous to the present situation is *American Reserve*, which deems putative class representatives authorized agents to file class proofs of claim.

3. **Appellants' Unfair Competition Law claims deputize them to serve as representatives of the general public.**

Under Bus. and Prof. Code §17200 an action may be brought by any "person, corporation or association or by any person acting for the interests of itself, its members or the general public." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 839 (Cal.App. 2 Dist.,1994) quoting Bus. and Prof. Code § 17204. Moreover, a court may order restitution to persons from whom money or property has been unfairly or unlawfully obtained **without certifying a class**. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 172. "If wages are property subject to a UCL restitutionary order, the court may order payment to the employees of any overtime pay they did not receive during the applicable time period. *Id.*

Each of the four Appellants' class action complaints contains allegations that Appellees engaged in unfair business practices. Pursuant to these allegations Appellants seek restitution on behalf of similarly situated individuals. This is a <u>critical</u> fact because it statutorily empowers Appellants to seek class-wide relief without ever obtaining class certification. Even if this Court was of the belief that *American Reserve* was wrongly decided, then here, the Court must find that as agents for the general public, Appellants are entitled to seek restitution for Appellees' allegedly unlawful business practices per California's unique B&P 17200 statute. As agents statutorily authorized to prosecute UCL claims, Appellants have authority to seek disgorgement from

Appellees, and that authority does not disappear simply because a company files for bankruptcy.

**B.     Appellants Timely Brought Their 7023 Motion Following Appellees' Objections.**

"The Bankruptcy Rules impose no time requirement with respect to filing a motion for application of Bankruptcy Rule 7023; indeed, the Code contains no other instance where a claimant must perfect a claim prior to objection." *In Re Charter Co.* 876 F.2d 866, 874 (C.A. 11 (Fla), 1989). Yet, in this case, the Court found that Appellants were required to seek permission to file class claims, in the first instance, before the expiration of the bar date for the Class Claims to be failed timely. See Ex. 25, pg. 10. This constitutes error. The Court effectively re-wrote the Bankruptcy Code and the FRBP. There is no specific time required for filing a 7023 Motion. In fact, it is improper to request that Rule 7023 be made applicable to a class proof of claim prior to receiving an objection to the proof of claim. As the court stated in *Charter* at 874:

> The filing of a proof of claim and the Appellees' objection thereto do not constitute an adversary proceeding, and therefore this avenue for invoking Rule 23 was not available to the appellants. However, when an objection is made to a filed proof of claim, a contested matter arises. . . Therefore, absent an adversary proceeding, the first opportunity a claimant has to move under Bankruptcy Rule 9014, to request application of Bankruptcy Rule 7023, occurs when an objection is made to a proof of claim. Prior to that time, invocation of Rule 23 procedures would not be ripe, because there is neither an adversary proceeding nor a contested matter.

In *Charter Co.*, plaintiff filed a putative securities class action a month prior to the Charter Co.'s bankruptcy petition. *Id.* at 867. The bankruptcy petition stayed the class action. *Id.* The bankruptcy court entered an order requiring claimants to file proofs of claim by November 19, 1984. Prior to the bar date, the class representatives filed class proofs of claim. *Id.*

After almost two years of reorganization negotiations and well after the bar date, Charter objected to the proof of claim. *Id.* at 868. In response, the claimants filed a Bankruptcy Rule 9014 motion for application of Bankruptcy Rule 7023. *Id.* The bankruptcy court denied the motion and disallowed the "class" proof of claim on the grounds that the claimants did not move the court in a timely manner. *Id.* The district court affirmed and class claimants appealed. *Id.*

As here, the issue before the Eleventh Circuit was whether the particular claim filed by the appellants complied with the procedural requirements of the Bankruptcy Rules. *Id.* The court answered affirmatively and reversed. Once filed, a proof of claim is "entitled to a presumption that it was 'deemed allowed,' until objected to." *Id.* at 874, quoting 11 U.S.C. § 502(a). In *Charter*, no objection was made to the class proof of claim for almost two years; once objection was made, the appellants promptly moved under Bankruptcy Rule 9014 to invoke 7023. Thus, the court concluded that there was no undue delay and the class proof of claim was permissible. *Id.*

### 1.   Appellants promptly moved the Bankruptcy Court to apply Rule 7023 to their class proofs of claim.

Identical to *In Re Charter Co.*, Appellants herein moved the bankruptcy court promptly after receiving Appellees' Supplement to Objections. As illustrated earlier, Appellees filed their bankruptcy petition while the class actions were pending, and Appellants timely filed class proofs of claim in January, 2009, prior to the bar date. Appellees did not object to the proofs of claim on the grounds that they were filed on behalf of unnamed claimants until over one year later. See Ex. 6 and 13.[5]   In response, Appellants' promptly responded to the objections and requested that the Bankruptcy Court permit Appellants to conduct discovery pursuant to FRCP Rule 56 because Appellants had not been permitted to conduct any discovery prior to receiving the motions and supplement to objections. The Bankruptcy Court denied Appellants' request for discovery but granted Appellants leave to bring their 7023 motion. See Ex. 17, pg. 88:18-89:10. Appellants' motion was on file within two weeks and set for the next available omnibus hearing.

As in *Charter Co.*, there has been no undue delay on the part of Appellants. Appellants have responded to every omnibus objection asserted by Appellees. When Appellees objected to

---

[5]     Appellants realize that Appellees made other perfunctory objections to their class proofs of claim, each of which Appellants responded to. No orders were entered on these perfunctory omnibus objections because Appellants filed responses thereto and the objections were always adjourned to future dates. None of Appellees' omnibus objections ever put Appellants on notice that Appellees disputed the class proofs of claim on the grounds that they were filed on behalf of unnamed claimants.

Appellants' class proofs of claim on the grounds that they were filed on behalf of unknown claimants, Appellants sought relief from the Court. If any party has been dilatory, it is Appellees for waiting over one year to file a substantive objection to the class claims. As a proof of claim is *deemed accepted* until objected to, Appellants have not been dilatory. Accordingly, it was error for the Court to reverse this presumption and hold that Appellants' motion had to be brought, in the first instance, before the expiration of the Bar Date for the Class Claims to be filed timely.

> **2.     No authority supports the Bankruptcy Court's proposition that Appellants' motion had to be brought before the Bar Date.**

As noted above, the Court's Memorandum Opinion states, "the Named Claimants' Motion had to be brought, in the first instance, before the expiration of the Bar Date for the Class Claims to be timely filed. Ex. 25, pg. 10. Not surprisingly, the Court cites no authority for this proposition, which conflicts with holdings by other circuits. The Seventh Circuit in *American Reserve* 840 F.2d 487 (C.A.7 (Ill.)1988); the Sixth Circuit in *Reid v. White Motor Corp.*, 886 F.2d 1462 (C.A. 6 (Ohio) 1989); and the Eleventh Circuit in *Charter*, 876 F.2d 866 C.A. 11 (Fla), 1989, each rejected the notion that a Rule 7023 motion had to be brought before the Bar Date.

Moreover, Appellees failed to object to the class proofs of claim on the grounds that they were filed as class claims until *after* the bar date. Appellants, who had not been put on notice that Appellees disputed the class proofs of claim, were caught in the proverbial "catch-22." The Court's ruling effectively nixed Appellants' class proofs of claim by allowing Appellees to wait until after the bar date to file objections. This is a judicially created "mugging" for the unwary that tilts the scales of equity drastically in debtors' favor in Virginia while abjectly ignoring the rights of creditors. This reasoning could not conflict more with the spirit of the rules approving class actions in bankruptcy. For this reason, the Court erred in finding that Appellants' 7023 Motion had to be brought before the expiration of the Bar Date for the Class Claims to be filed timely.

C.    **The Bankruptcy Court Erred in Finding that these Cases were not Suitable for Certification Without Holding an Evidentiary Hearing.**

In *In Re Computer Learning Centers, Inc.*, 344 B.R. 79 (Bankr. E.D. Va., 2006), the court

explained the factors to be considered in resolving a 7023 motion.  It stated:

> *In re American Reserve Corp., supra,* and *In re Craft, supra,* set out some factors to be considered in resolving a Rule 7023 motion. Several are similar to class certification factors, principally the three additional factors a court must consider in certifying a class under Rule 23(b). They are:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.* at 91.  By following the example set by the Seventh Circuit in *American Reserve*, this District

has adopted these factors for analyzing a Rule 7023 motion.  It follows that a party seeking 7023

relief must put forth evidence to make the requisite showing that it meets these factors.

Recognizing the existence of these factors (and the fact intensive nature of the inquires),

Appellants filed a Rule 56 request for discovery upon receiving Appellees' Supplement to

Objections. Ex. 15. Appellants petitioned the court for permission to conduct limited discovery

pertaining to class certification to allow Appellants to make the requisite showing for Rule 7023

relief.  Appellants specifically explained to the Court that pursuant to *Computer Learning*, the court

must analyze whether class certification is appropriate under Rule 23. Ex. 17, pg. 88:18-89:10.

Appellants further explained that they had not been given the opportunity to conduct any discovery

thus far, and could not possibly make the evidentiary showing required to meet their burden under

the factors adopted by the Court. Appellants' counsel stated:

> Does Your Honor deny that the Rule 7023 motion is an evidentiary motion? I mean,
> we don't have -- we would never make a motion under 7023 without the evidence,
> and we won't make a motion now without the evidence. We'd just simply -- how
> would we make the motion?

*Id.* at 88: 3-7. Answering Appellants' concerns, the Bankruptcy Court confirmed that Appellants

"don't have to put on evidence, or prove any of that at that point in time." *Id.* at 88:25-89:1.

### 1. Ignoring its own instructions, the Bankruptcy Court then made factual findings that are not supported by the Record.

FRCP Rule 52(a) requires a court's findings of fact to be supported by evidence in the

record. Where findings of fact are not supported by the record, they may be set aside as "clearly

erroneous." *California Offset Printers, Inc. v. Hampton Intern. Comms, Inc.*, 95 F.2d 1156 (C.A.9

(Cal.) 1996). Relying on the Court's representations, Appellants immediately brought their motion

to apply Rule 7023 to their class proofs of claim – and did so without having the opportunity to

conduct discovery and without submitting evidence since the Court made clear it was NOT an

evidentiary hearing. As it was not an evidentiary hearing, Appellants argued that they *alleged*

common questions of law and fact that were applicable to the class; that common questions of law

and fact predominated over questions affecting individual class members; and the case otherwise

met the requirements for class treatment under well-established precedent. Ex. 15, pgs. 11-16.

Yet, without having heard any evidence, the Court rejected Appellants' arguments and then

inexplicably proceeded to make  numerous factual findings *all in an attempt to "backfill" the*

*Court's erroneous conclusion* that the processes for handling creditor claims is superior to the class

action processes. Ex. 25, pg. 11. The Court likely found itself on the horns of a dilemma, i.e.

realizing that it had duped Appellants into believing the matter was not an evidentiary hearing, yet understanding that some factual conclusions were required to reach the pre-ordained result. Thus, rather than make specific findings supported by evidence, the Court merely regurgitated commentary from cases supporting its conclusions. . If allowed to stand, the obvious conclusion is no class action will ever stand the chance of being litigated in the bankruptcy court.

For example, the Memorandum Opinion states, "it is highly doubtful that an additional several hundred claims from potential class members would negatively impact the claims resolution process in these cases." Ex. 25, pg. 12. Additionally, the Court's Memo states, "allowing the Class Claims to go forward would unduly complicate and delay the administration of these cases and would be more costly than beneficial. . . [g]oing forward with the Class Action Lawsuits would involve expensive, time-consuming, protracted litigation that could delay and lessen the distribution of the Appellees' assets to the Appellants. *Id.* These purely factual findings, however, are not based on any evidence whatsoever. Instead of citing to the record, the Court merely cites to *In Re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y 2005) for the generic proposition that "a court has discretion under Rule 9014 to find that the likely total benefit to the class members would not justify the cost to the state of defending a class action under Rule 23."

Appellants do not deny that a bankruptcy court has discretion to weigh the costs and benefits of a class action versus bankruptcy, but the court must do so rationally, i.e. a based on the evidence (see FRCP Rule 52(a)). Here, the Court made no attempt to do so; rather, it merely regurgitated case law rejecting class claims in bankruptcy proceedings. By ruling on Appellants' motion without conducting an evidentiary hearing, the Court could not – and did not – conduct an analysis of the Rule 23 factors, and any factual findings should be reversed for reconsideration based on evidence.

**D.    The Notice Procedure Used to Inform Putative Class Members did not Comport with Due Process or Rule 23.**

In order to satisfy due process, notice must be reasonably calculated to apprise interested

APPELLANTS' OPENING BRIEF

persons of the pending action. *See Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 314 (1950). A claim cannot constitutionally be discharged unless the debtor provides constitutionally adequate notice to the creditors of the bankruptcy proceeding, as well as the filing deadlines and hearing dates. *In re J.A. Jones, Inc.* 492 F.3d 242, 249 (C.A.4 (N.C.), 2007).

The type of notice that is reasonable or adequate for purposes of satisfying due process depends on whether a particular creditor is known or unknown. *Id.* To achieve a constitutionally permissible discharge of a *known* creditor's claim, actual notice of the bankruptcy filing and bar date is required. *Id.* Where a creditor is *unknown,* constructive notice -- typically in the form of publication -- is generally sufficient to satisfy due process. *Id.*

Appellees' "Notice Program" in these two cases contained two parts. Appellees mailed a generic and incomprehensibly confusing notice of the Bar Date on the Named Claimants and on any persons that were employed by the Appellees within three years period of the petition date. See Ex. 21, See also, Ex. 24, pg. 15-16. For "unknown" creditors, Appellees published notice of the Bar Date in the Richmond Times-Dispatch and the Wall Street Journal. See Exs. 22 and 23. At no time did Appellees provide putative class claimants with Rule 23 Notice, i.e. "<u>a neutral notice which concisely and clearly states in plain, easily understood language specific information about the nature and terms of a class action and how it might affect potential class members' rights</u>." *See Federal Judicial Center*, Illustrative Forms of Class Action Notices, <u>www.fjc.gov/</u>, Class Action Notices Page.[6]

The Bankruptcy Court's finding that the notice program satisfied due process constitutes error for two reasons. First, <u>Appellees never provided the class claimants with notice pursuant to</u>

---

[6]     The Federal Judicial Center is the research and education agency of the federal judicial system. It was established by Congress in 1967 (28 U.S.C. §§ 620-629), on the recommendation of the Judicial Conference of the United States. The many specific statutory duties of the Center and its Board fall into a few broad categories: 1) conducting and promoting orientation and continuing education and training for federal judges, court employees, and others; 2) developing recommendations about the operation and study of the federal courts; 3) conducting and promoting research on federal judicial procedures, court operations, and history. http://www.fjc.gov/public/home.nsf

Rule 23, despite the fact that numerous courts have required Rule 23 notice in bankruptcy cases due to the shortfalls of the typical Bar Date bankruptcy notice. Second, the Court erred by finding that the many of the putative class members were not entitled to any notice at all because they are "unknown creditors" – even though these claims were litigated for years before the bankruptcy petition was even filed!  It is frankly astonishing how one could conclude that the putative class member claimants were "unknown."

1. **The putative class claimants herein are entitled to Rule 23 Notice – and the generic bankruptcy notice is not superior to Rule 23 Notice.**

FRCP Rule 23(c)(2)(B) mandates that class action notices "must concisely and clearly state in plain, easily understood language" specific information about the nature and terms of a class action and how it might affect potential class members' rights. *See Federal Judicial Center,* Illustrative Forms of Class Action Notices, www.fjc.gov/, Class Action Notices Page.

> Where the class members were numerous and widely dispersed, due process and Rule 23(c)(2) required that the notice describe adequately the substantive claims and also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action. The Standard then is that the notice required by subdivision (c)(2) must contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment.

Newberg on Class Actions, Ch. 8, § 31, Content of Rule 23(c)(2) Notice, pg. 251, n. 1 (quoting *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1104-1105 (5th Cir. 1977)).

a. **The Bankruptcy Court denied putative class members due process.**

Without citation to any authority, the Bankruptcy Court declared, "neither due process nor the Bankruptcy Rules require the debtors to specifically inform parties of the existence or nature of their potential claims. Ex. 25, pg. 16.  Yet, many courts, including the very court from which Appellants have taken this appeal, recognize the right of putative class members to receive Rule 23 notice in bankruptcy proceedings. In *Computer Learning Centers*, the court stated:

The class proponents raise one additional argument, that many class members may not have realized that they had claims and may not have filed claims in this case. The advantage of a class action is that the class members can be particularly identified and be given notice of their potential claims. In a bankruptcy case, notice is only mailed to known creditors. While on the surface there appears to be merit to this argument, any notice that can be given in a class action case can also be given in a bankruptcy case. If potential class members can be identified in a class action, they can surely be as easily identified in a bankruptcy case. Here, for example, the trustee obtained all of the debtors' records and could have examined them to find potential class members. Individual notice could have been given to them. The notice might also have been specially drafted to alert them to their potential claims. . . In short, any notice that could have been given in a class action could have been given in this case.

*Computer Learning*, 344 B.R. at 93.

This quote from *Learning Centers* is significant for two reasons. On the one hand, it confirms that bankruptcy courts recognize the right and importance of class members to receive Rule 23 notice in bankruptcy proceedings, but it also acknowledges the feasibility of providing Rule 23 notice to class members and how that makes a bankruptcy court an appropriate forum for litigating class action claims in bankruptcy. To be sure, it in no way supports a conclusion that a generic bankruptcy bar date notice is sufficient or that putative class members can be relegated to the infirm status of "unknown" such that publication notice is sufficient.

In *Computer Learning*, the court highlights the feasibility of providing Rule 23 notice within the process of the bankruptcy proceedings. To wit, a bankruptcy court can comply with the Rule 23 notice requirements just like any other federal trial court could. Thus, putative class members need not worry that the court will violate their due process rights. Here, the Bankruptcy Court rejected the right of putative class members to receive any semblance of a Rule 23 notice, substituted a published generic bankruptcy bar date notice in place of a Rule 23 "type" notice *and yet still found that claims administration in bankruptcy is superior to a class action*. The Court's conclusion conflates the holding in *Computer Learning* and violates due process.

### b. The Bankruptcy Court effectively transformed these "opt-out" class actions into "opt-in" class actions.

In addition, the Court's finding that bankruptcy claims resolution is superior to a class action and that putative class members are not entitled to Rule 23 notice impermissibly transformed these "opt-out" class actions into "opt-in" class actions. By denying class members the right to Rule 23 notice, the Court eliminated the right of putative class members to be informed of the nature of allegations, to enter an appearance through counsel, and to opt-out of the actions, all of which are required when, as here, you have a Rule 23(b)(3) class action.

Instead, the Court's Order required individual class members to file individual proofs of claim in these proceedings. See Ex. 26, pg. 2. While this is problematic in and of itself simply because it violates the mandates of Rule 23, it is abhorrent because the Court eviscerated the rights of putative class members without ever providing them adequate notice. Such an order stretches the bounds of credulity and reinforces the Bankruptcy Court's apparent dogma, i.e. "there will never be a class action in this bankruptcy court."

### 2. The putative class members in Appellants' putative class action complaints are known creditors.

The Bankruptcy Court also erred by finding that the putative class members were only entitled to publication notice because they are "unknown creditors". An "unknown creditor," is a claimant whose identity or claim is wholly conjectural or 'whose interests or whereabouts could not with due diligence be ascertained' by the debtor." *In re J.A. Jones, Inc.* 492 F.3d . at 250. "Known creditors," in contrast, include claimants whose identities are actually known to the debtor, as well as claimants whose identities are "reasonably ascertainable" to the debtor. *Id.*, quoting *Tulsa Professional Collection Service, Inc. v. Pope*, 485 U.S.478, 490 (1988). The Supreme Court has made clear that a creditor is "reasonably ascertainable" if the debtor can uncover the identity of that creditor through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791,

798 n. 4, (1983).

The Bankruptcy Court Memorandum Opinion states:

> To the extent the Unnamed Claimants were not employed within the three years prior to the Petition Date and were not served with actual notice of the Bar Date, those Unnamed Claimants are unknown creditors and the publication notice was sufficient to satisfy due process.

Ex. 24, pg. 16.  Without any stated justification whatsoever, the Court arbitrarily set the cut-off for "known creditors" and "unknown creditors" at three years.  This finding is convenient for Appellees as it reverse engineers approval of Appellees notice procedure to former employees employed within three years of the petition date.  However, Appellees did not argue—and the Court did not find—that a former employee whose employment terminated *three and one-half* years prior to the petition date could not be identified, or only had a claim that was wholly conjectural, or 'whose interests or whereabouts could not with due diligence be ascertained' by the Appellees.[7]  Pursuant, to the Fourth Circuit's standard for "known" versus "unknown," the Court fell woefully short of establishing as a matter of fact or law that the unnamed claimants in these cases are "unknown."

Indeed, any argument from the Appellees that they could not identify former employees dating back more than three years would be completely disingenuous.  The same goes for any argument from Appellees that the putative class members claims are purely conjectural or that the interests or whereabouts of former employees could not be ascertained with due diligence.  Appellees know exactly which individuals qualify as putative class members in these respective cases.  The *Gentry* case, for example, has been heavily litigated and resulted in a final decision from the California Supreme Court regarding Appellees' attempt to foist a ban on class actions.  *See Gentry v. Superior Court*, 42 Cal.4th 443 (2007).  In *Gentry*, Appellees sought to enforce arbitration agreements signed by the same putative class claimants at issue herein.  *Id.* at 450-452.  During the

---

[7]  The "three and one-half years" is provided by way of example.  The same argument applies for an employee whose employment terminated at any time during the statutory period covered by Appellants' Class Action Complaints, which, in the Gentry matter, dates back to 1998.

APPELLANTS' OPENING BRIEF

California litigation, Appellees knew <u>exactly</u> which individuals were contemplated by *Gentry's* class complaint, because Appellees were trying to enforce written agreements signed by each putative class member! For Appellees to turn around and announce to the Bankruptcy Court that these former employees are "unknown" is a "dog that won't hunt."

Further, Appellees' argument that these claims are purely conjectural ignores the allegations of the class action complaints as well as fundamental principles of wage and hour law in the State of California. *See Savon Drug Stores, Inc.* v. *Superior Court*, 34 Cal.4th 319 (2004)(California Supreme Court held that common issues predominated over questions affecting individual members such that class certification was appropriate in a wage and hour lawsuit alleging that Assistant Managers were misclassified as "exempt" from California's overtime laws). The allegations in the four putative class action complaints make substantially similar allegations, i.e. that Appellees illegally denied certain groups of employees mandatory overtime wages and meal/rest periods by misclassifying them as "exempt" from overtime laws.   The allegations are *real*, and they are supported by *facts* alleged in the four respective operative complaints. Appellees' sophistry does not somehow render these claims "contingent and conjectural" as Appellees argued to the Court. See Ex. 20, pg. 26.  To be sure, that is another factual conclusion for which there is no evidence in the record at all!

     **3.**    **There is no evidence in the record supporting the Bankruptcy Court's conclusion that providing actual notice to unnamed claimants would have "involved significant time and expense."**

Once again, FRCP 52(a) requires that a court's make findings of fact that are supported by evidence in the record.  Where findings of fact are not supported by the record, they may be set aside as "clearly erroneous." *California Offset Printers*, 95 F.2d 1156. Here, the Court failed to comply with Rule 52(a)'s mandate.  The Court found that "the only way [Appellees] could have provided notice to all of the Unnamed Claimants would be by identifying the specific employees

who fell into the classes identified by the Class Claims or by serving all of their employees in California for the ten year period prior to the petition date." Ex. 25, pg. 15.  Either method, the Bankruptcy Court found, "would have involved significant time and expense by a company already in a dire financial condition." *Id.* While these are convenient proclamations for Appellees position, there is no evidence in the record to support them. It is ridiculous to believe that Appellees had not identified this group years ago in the state litigation, and there is nothing in the record about how much time or expense may have been involved in doing this work – rendering the conclusion of the Court "too convenient."

There is absolutely no evidence in the record supporting Appellees' position that it would have required an unreasonable amount of time and money to identify unnamed claimants. It was only first mentioned in Appellees' conclusory remarks in response to Appellants' 7023 Motion. Importantly, however, Appellees' made no evidentiary showing to support this claim, yet the Court simply accepted Appellees' self-serving arguments as "fact."

Appellees represented that it would have been unreasonable to provide actual notice to the putative class because Appellees had to establish that putative class members were "unknown" claimants for publication notice to comport with due process.  But it defies logic to believe that Appellees do not have succinct records identifying former employees by job positions and/or titles. In fact, one would expect Appellees to have such records because Appellees spent over 5 years litigating the *Gentry* and *Hernandez* matters in the California Courts of Appeal regarding the enforcement of specific arbitration agreements signed by each putative class member.  In any event, no evidence was put forth in the form of testimonial declarations or documents, etc. to support Appellees' arguments or the Court's findings.

Second, there is no evidence in the record about how much it would have cost to provide notice to putative class members. Appellees made numerous remarks in their opposition about the

drastic measure that would have been required to provide actual notice.  For example:

> Prior to the Petition Date, the Appellees employed approximately 40,000 employees. If the Appellees had served the publication notice on all of their former employees going back as far as 1998 (the beginning of the class period for the Gentry Class Action), this would likely have entailed serving notice on tens of thousands of additional persons. More importantly, perhaps, such service would have been costly and could only have been targeted to the Unnamed Claimants through the Appellees' undertaking of extraordinary steps, which steps are simply not required by due process. In particular, the Appellees' employee records prior to 2005 are not readily accessible. Even assuming that the Appellees could have obtained all of the employee records dating back to 1998, to give actual notice to the Unnamed Claimants who might be part of the classes the Named Claimants seek to represent, the Appellees would have had to review the employee records to determine each employee's employment location, payroll and benefit history and whether they might hold a claim. Plainly, under the circumstances, such efforts and their associated costs were not reasonable and, thus, were unnecessary to satisfy due process. Alternatively, the Appellees could have simply identified all persons that were employed by the Appellees in or after 1998 and provided them each with actual notice. Such notice, however, would have been extremely costly and in many instances futile given the likelihood that many of the employees had likely moved from the addresses in their employment records. In summary, to provide actual notice to the Unnamed Claimants, the Appellees would have been faced with a choice between taking extraordinary measures to identify the Unnamed Claimants or incurring the significant additional costs of serving all former employees for a decade prior to the Petition Date.

Ex. 20, pg. 30-31.  Appellees' remarks were not supported by any factual record whatsoever, yet the Court relied on them to conclude that it was "unreasonable" for Appellees to provide actual notice to putative class members.[8]

Finally, Appellees remarks are sheer hyperbole.  Appellants have never represented that there are 40,000 putative class members.  That lofty number was apparently picked out of thin air by Appellees for purposes of dramatic effect.  The class claims are limited in scope to employees in specific positions in Appellees' retail stores in California during specific time periods (with *Gentry* being the only case dating back as far as 1998).  Assuming *arguendo* that Appellees were able to identify the putative class members in Appellants' respective complaints, it would likely require

---

[8]     It is frustrating that the Bankruptcy Court determined that providing actual notice to potential class members would have been unduly expensive and unreasonable "for a company in dire financial condition" when the Court also found that resolving an additional several hundred claims would not affect the claims resolution process. The concepts are contradictory. If the Bankruptcy Court and Appellees are capable of litigating several hundred additional claims, then certainly it is not too much to ask to provide actual notice to those individuals with claims to assert.

minimal time and money to provide these individuals with actual notice explaining their rights pursuant to Rule 23. In fact, it is customary in Rule 23 class proceedings for the class representative to shoulder the cost of notice – a process which would cost Appellees nothing. For these reasons, the Court erred in denying the putative class claimants of the right to Rule 23 notice, thus violating their due process rights.

## VI.   RELIEF SOUGHT

Appellants respectfully request an order from this Court reversing the Court's Memorandum Opinion and Order denying Appellants' Motion to Apply Rule 7023 to their class proofs of claim. Specifically, Creditors request an order reversing the Court's decision that 1) Creditors' were not authorized to file proofs of claim on behalf of unnamed creditors; 2) their motion was not timely; 3) bankruptcy claim resolution is superior to a class action as a matter of law; and 4) the generic bankruptcy bar date notice was sufficient to satisfy the putative class members' due process rights under Rule 23. Appellants finally request that their class proofs of claim be allowed to proceed in bankruptcy court and that Appellants be allowed to pursue discovery to prepare these matters for class certification.

Respectfully Submitted,

**RIGHETTI GLUGOSKI, P.C.**

Date:  September 10, 2010

/s/ Michael Righetti_____
Attorneys for Appellants

/s/Jason M. Krumbein, Esq.
VSB#43538
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358
804.673.4350 fax
jkrumbein@krumbeinlaw.com e-mail