Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                    :        Chapter 11
                                          :
CIRCUIT CITY STORES, INC., et al.,        :        Case No. 08-35653 (KRH)
                                          :
                    Debtors.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x        Jointly Administered
ROBERT GENTRY, et al.                     :
                                          :
                    Appellants,           :
                                          :
        v.                                :
                                          :        Case No. 3:10-cv-567 (HEH)
CIRCUIT CITY STORES, INC., et al.,        :
                                          :
                    Appellees.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPELLEES' BRIEF IN OPPOSITION TO THE OPENING BRIEF OF APPELLANTS
ROBERT GENTRY, JONATHAN CARD, JACK HERNANDEZ AND JOSEPH SKAF**

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ............................................................1

APPLICABLE STANDARD OF REVIEW .................................................................1

STATEMENT OF THE CASE.......................................................................................2

      A.     General Case Background.........................................................................2

      B.     The Bar Date ............................................................................................2

      C.     The Class Action Complaints ..................................................................3

      D.     The Class Claims And The Debtors' Objections Thereto. .......................3

      E.     Appellants' Bankruptcy Rule 7023 Motion.............................................5

SUMMARY OF ARGUMENT .....................................................................................5

ARGUMENT .................................................................................................................7

I.     THE BANKRUPTCY COURT CORRECTLY STATED THE STANDARD FOR ALLOWING CLASS PROOFS OF CLAIM. ....................................................7

II.    THE BANKRUPTCY COURT CORRECTLY APPLIED THE STANDARD FOR ALLOWING CLASS PROOFS OF CLAIM TO PROCEED. ..................................8

      A.     The Bankruptcy Court Correctly Found That Appellants Were Not Authorized To File The Class Claims On Behalf Of the Unnamed Claimants ................................................................................................8

             1.     Appellants were not the "authorized agents" of the Unnamed Claimants under any applicable law ...........................................9

             2.     Appellants' Arguments Regarding California Unfair Competition Laws Cannot Be Raised For The First Time On Appeal ...........11

             3.     If this Court considers Appellants' argument regarding California Unfair Competition Laws, it should be rejected .......................12

      B.     The Bankruptcy Court Properly Found That The Motion Was Untimely Because It Was Not Filed Prior To The Bar Date And Appellants Did Not Establish "Excusable Neglect". ..............................................................13

             1.     The Motion was untimely under Bankruptcy Code section 501 and Bankruptcy Rules 3001 and 9014 ............................................13

i

2.      Appellants failed to establish that any delay in filing the Motion was the result of excusable neglect............................................................17

C.      The Bankruptcy Court Correctly Found That Even If The Motion Were Not Untimely, The Bankruptcy Claims Process Is Superior To The Class Claims Process. ...................................................................................................19

1.      The April 15 Hearing was an evidentiary hearing ....................................19

2.      The Bankruptcy Court's findings of fact are adequately supported by the record and are not clearly erroneous. ...............................................20

III.      THE BANKRUPTCY COURT PROPERLY FOUND THAT NOTICE OF THE BAR DATE WAS SUFFICIENT AS TO THE UNNAMED CLAIMANTS ..................24

A.      Appellants May Not Challenge The Bar Date Order Or The Bar Date Notice And Lack Standing To Object To The Notice To The Unnamed Claimants ....................................................................................................25

B.      The Unnamed Claimants Are Not Entitled To Civil Rule 23 Notice ...................26

C.      The Court's Finding That The Unnamed Claimants Are Unknown Creditors Is Not Clearly Erroneous........................................................................27

CONCLUSION...................................................................................................................30

## TABLE OF AUTHORITIES

## CASES

Page(s)

In re Adam Aircraft Industrial, Inc., 2009 WL. 2100929 (Bankr. D. Colo.  2009) ...................... 18

In re ASI Reactivation, Inc., 934 F.2d 1315 (4th Cir. 1991) ............................................................ 1

In re American Reserve Corp., 840 F.2d 487 (7th Cir. 1988) ............................................... passim

In re Bally Total Fitness of Greater New York, Inc.,
    402 B.R. 616 (Bankr. S.D.N.Y. 2009) .......................................................................... 7, 15

Bittner v. Borne Chemical Co., 691 F.2d 134 (3d Cir. 1982) ........................................... 21, 23, 24

Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396 (4th Cir. 1992) ...................................... 11

Certified Class v. The Charter Co. (In re The Charter Co.),
    876 F.2d 866 (11 Cir. 1989) ............................................................................... 5, 13, 15, 16

Charter Crude Oil Company v. Petroleos Mexicano (In re Charter Company),
    125 B.R. 650 (M.D. Fla. 1991) ............................................................................................ 30

Matter of Chicago, Rock Island & Pacific R.R. Co., 90 B.R. 329 (N.D. Ill. 1987) ..................... 29

Matter of Chicago, Rock Island & Pacific R.R. Co., 788 F.2d 1280 (7th Cir. 1986) ................... 30

In re Computer Learning Centers, Inc., 344 B.R. 79 (Bankr. E.D. Va. 2006) ...................... passim

EEOC v. Balt. County, 2010 U.S. App. LEXIS 13087 (4th Cir. June 25, 2010) ......................... 11

Education Credit Management Corp. v. Frushour (In re Frushour),
    433 F.3d 393 (4th Cir. 2005) .............................................................................................. 21

In re Ephedra Prods. Liab. Litig., 329 B.R. 1 (S.D.N.Y. 2005) ........................................ 14, 16, 24

Etlin v. Unknown, 2009 U.S. Dist. LEXIS 104669 (E.D. Va. Nov. 9, 2009) .............................. 21

Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949) .......................................................................... 21

Fogel v. Zell, 221 F.3d 955 (7th Cir. 2000) .................................................................................. 29

Howe v. Dribusch (In re Howe), 2010 WL  3283372 (N.D.N.Y. Aug. 18, 2010) ......................... 1

In re Ionosphere Clubs, Inc., 101 B.R. 844 (Bankr. S.D.N.Y. 1989) ........................................... 10

Lolavar v. De Santibanes, 430 F.3d 221 (4th Cir. 2005) ...............................................21

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ...................................................25

Maressa v. A.H. Robins Co., Inc., 839 F.2d 220 (4th Cir. 1988) ...............................18

In re Musicland Holding Corp., 362 B.R. 644 (Bankr. S.D.N.Y. 2007) ................16, 22

In re North Bay General Hospital, Inc., 404 B.R. 443 (Bankr. S.D. Tex. 2009)..........10

Pioneer Investment Services Co. v. Brunswick Association Ltd. Partnership,
    507 U.S. 380 (1993)............................................................................................18

In re Protected Vehicles, Inc., 397 B.R. 339 (Bankr. D.S.C. 2008) .............................19

Reid v. White Motor Corp., 886 F.2d 1462 (6th Cir. 1989) ............................................8

Rutland v. Burkeholder, 2009 U.S. Dist. LEXIS 102203 (D.S.C. Oct. 1, 2009)..........21

Seidel v. Durkin (In re Goodwin), 194 B.R. 214 (7th Cir. 1984) ..................................25

Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530 (4th Cir. 1996) .................18

Vancouver Women's Health Collective Social v. A.H. Robins Co., Inc.,
    820 F.2d 1359 (4th Cir. 1987) ............................................................................29

In re W.R. Grace & Co., 389 B.R. 373 (Bankr. D. Del. 2008).....................................19

Warth v. Seldin, 422 U.S. 490 (1975)...........................................................................26

Wellington Apt., LLC v. Clotworthy (In re Wellington Apt., LLC),
    350 B.R. 213 (Bankr. E.D. Va. 2006)................................................................21

## STATE CASES

Arias v. Superior Court, 209 P.3d 923 (Cal. 2009).......................................................13

Cortez v. Purolator Air Filtration Products Co, 23 Cal. 4th 163 (Cal. 2000) ................12

Gentry v. Superior Court, 165 P.3d 556 (Cal. 2007) ................................................23, 30

Martinez v. Combs, 231 P.3d 259 (Cal. 2010) .............................................................13

Saunders v. Superior Court, 27 Cal. App. 4th 832 (Cal. Ct. App. 1994).......................12

## FEDERAL STATUTES AND RULES

11 U.S.C. § 362(a) .................................................................................................22

11 U.S.C. § 501 ..............................................................................9, 11, 13, 14, 16

28 U.S.C. § 157 ......................................................................................................22

Fed. R. Bankr. P. 3003 ..........................................................................................22

Fed. R. Bankr. P. 3007 ..........................................................................................22

Fed. R. Bankr. P. 3001 ..................................................................................... passim

Fed. R. Bankr. P. 7004 ..........................................................................................22

Fed. R. Bankr. P. 7023 ..................................................................................... passim

Fed. R. Bankr. P. 9014 ..................................................................................... passim

Fed. R. Civ. P. 23 ..............................................................................7, 20, 26, 27

Fed. R. Evid. 201 ...................................................................................................21

## STATE STATUTES

Cal. Bus. & Prof. Code § 17203 ...........................................................................12

Cal. Bus. & Prof. Code § 17204 ...........................................................................12

## NATURE AND STAGE OF PROCEEDINGS

On August 13, 2010, Robert Gentry ("Gentry"), Jonathan Card ("Card"), Jack Hernandez ("Hernandez") and Joseph Skaf ("Skaf" and, collectively, the "Appellants") filed a Notice of Appeal (the "Appeal") from the order (the "Order") and memorandum opinion (the "Opinion") of the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), each dated May 28, 2010. As set forth in the Opinion, the Bankruptcy Court denied Appellants' Motion Requesting an Order Applying Bankruptcy Rule 7023 to Their Class Proofs of Claim Pursuant to Bankruptcy Rule 9014(c) (the "Motion") and ruled in favor of the above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Appellees"). On September 10, 2010, Appellants filed their Opening Brief in support of the Appeal (the "Opening Brief"). This is the Appellees' Brief in opposition to the Opening Brief.

## APPLICABLE STANDARD OF REVIEW

As Appellants correctly assert, the lower court's "findings of fact are reviewed for clear error, and conclusions of law are reviewed <u>de novo</u>." <u>Opening Brief</u> at 1 (citing <u>In re Kielisch</u>, 258 F.3d 315, 319 (4th Cir. 2001)). Appellants, however, incorrectly assert that all issues on appeal should be reviewed <u>de novo</u> because "the matters appealed from did not emanate from an evidentiary hearing, per the Bankruptcy Court's own conclusion." <u>Opening Brief</u> at 2. First, the Bankruptcy Court's decision denying the Motion is reviewed for abuse of discretion. <u>See</u> Fed. R. Bankr. P. 9014(c). Second, although the Bankruptcy Court determined that discovery on the Motion would not be necessary – a determination also reviewed for "abuse of discretion," <u>see</u> <u>In re ASI Reactivation, Inc.</u>, 934 F.2d 1315, 1324 (4th Cir. 1991) – the Bankruptcy Court was permitted to and did make proper findings of fact based on matters of which it took judicial notice – findings reviewed for clear error. <u>See, e.g.</u>, <u>Howe v. Dribusch (In re Howe)</u>, 2010 WL

1

3283372, *3 (N.D.N.Y. Aug. 18, 2010) (reviewing court's taking of judicial notice for clear error). Therefore, this Court should review the Bankruptcy Court's findings of fact for clear error, its conclusions of law de novo, and its decision denying discovery and the Motion for abuse of discretion.

## STATEMENT OF THE CASE

**A.     General Case Background.**

On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in the Bankruptcy Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). ROA[1] 2. On September 14, 2010, the Court entered an order confirming the Debtors' plan of liquidation (the "Plan").  To date, the Plan has not become effective.

**B.     The Bar Date.**

On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors. ROA 86-91. On December 10, 2008, the Court entered an order setting a bar date for filing proofs of claim and approving notice thereof (the "Bar Date Order"). ROA 92-113. Pursuant to the Bar Date Order, the deadline for filing all claims arising before November 10, 2008 by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "Bar Date"). ROA 93-94.

As set forth in KCC's affidavit of service, on December 19, 2008, KCC served a copy of the notice of the Bar Date (the "Bar Date Notice") on over 370,000 parties, including counsel to Appellants, the Debtors' employees for the three years prior to the Petition Date and any parties with pending litigation or employee grievance claims against the Debtors. ROA 114-117. In addition, the Debtors published the Bar Date Notice in The Richmond Times-Dispatch, ROA

---

[1]     References to "ROA __" are to "Appellants' Record On Appeal" filed concurrently herewith.

118-120, and <u>The Wall Street Journal</u>. <u>ROA</u> 121-123.

To date, over 15,000 claims have been filed in the Debtors' cases.[2]  To address those claims in an orderly, efficient and cost-effective manner, on April 1, 2009, the Court entered an order (the "Objection Procedures Order") establishing procedures (the "Objection Procedures") for the filing of omnibus objections to claims in the Debtors' chapter 11 cases. <u>ROA</u> 124-143. To date, the Debtors have filed 81 omnibus objections, which addressed approximately 8,600 claims. <u>ROA</u> 1663-1667.

**C.      The Class Action Complaints.**

Each of Appellants have filed certain class action complaints against Circuit City Stores, Inc. ("Circuit City") in California state court (collectively, the "Class Action Lawsuits"). <u>ROA</u> 362-376, 420-446, 489-505, 555-569. Gentry's Class Action Lawsuit was filed on August 29, 2002. <u>ROA</u> 376. Hernandez's Class Action Lawsuit was filed on April 17, 2008. <u>ROA</u> 569. Card's Class Action Lawsuit was filed on October 27, 2008 – just days before the Petition Date. <u>ROA</u> 489. Skaf's Class Action Lawsuit was filed on December 19, 2008 – over one month after the Petition Date and in violation of the automatic stay. <u>ROA</u> 446. As a result of the Debtors' bankruptcy, the Class Action Lawsuits were stayed. <u>ROA</u> 3. To date, no class has been certified in any of the Class Action Lawsuits. <u>Id.</u>

**D.      The Class Claims And The Debtors' Objections Thereto.**

On January 13, 2009, Gentry filed claim number 6039 on behalf of himself and all those similarly situated (the "Gentry Unnamed Claimants"). <u>ROA</u> 20-24. On January 13, 2009, Card filed claim number 6040 on behalf of himself and all those similarly situated (the "Card

---

[2]    "Claims Register" refers to the official claims register in the Debtors' chapter 11 cases, which is maintained by KCC at www.kccllc.net/circuitcity.

Unnamed Claimants"). <u>ROA</u> 25-29. On January 13, 2009, Hernandez filed claim number 6045 on behalf of himself and all those similarly situated (the "Hernandez Unnamed Claimants"). <u>ROA</u> 30-34. On January 30, 2009, Skaf filed claim number 8717 on behalf of himself and all those similarly situated (the "Skaf Unnamed Claimants" and collectively with the Gentry Unnamed Claimants, the Card Unnamed Claimants, and the Hernandez Unnamed Claimants, the "Unnamed Claimants"). <u>ROA</u> 35-37. By claims numbered 6039, 6040, 6045 and 8717 (collectively, the "Class Claims"), Appellants assert claims in the collective amount of approximately $150 million, allegedly due under the Class Action Lawsuits for violations of the California labor laws. <u>ROA</u> 20-37.

On June 22, 2009, the Debtors filed their Nineteenth Omnibus Objection to Claims (the "Nineteenth Omnibus Objection"). <u>ROA</u> 144-219. On August 20, 2009, the Debtors filed their Thirty-First Omnibus Objection to Claims (the "Thirty-First Omnibus Objection" and, together with the Nineteenth Omnibus Objection, the "Objections"). <u>ROA</u> 237-302. By the Objections, the Debtors sought to disallow or reclassify the Class Claims and disputed all liability to Gentry, Card, Hernandez and Skaf, as well as all Unnamed Claimants.  <u>ROA</u> 144-219, 237-302.

Appellants filed responses to the Objections and thereafter the Objections were adjourned. <u>ROA</u> 220-236, 303-320. As part of their continued efforts to reduce the invalid claims filed against their estates, on February 25, 2010, the Debtors supplemented the Objections (the "Supplements") with respect to each Class Claim.  In the Supplements, the Debtors addressed a narrow legal issue: whether the Class Claims should be disallowed to the extent that they sought relief with respect to the Unnamed Claimants because Appellants failed to seek Court authorization to file class proofs of claim. <u>ROA</u> 321-573.

On March 25, 2010, at a hearing (the "March 25 Hearing") with respect to the Objections

and the Supplements, the Court determined that Appellants were required to file a motion under

Bankruptcy Rule 9014 to make Bankruptcy Rule 7023 applicable to the Class Claims and

authorized Appellants to file such motion, without prejudice to any party's right to object thereto,

including on the grounds that the motion was untimely. <u>ROA</u> 998-1000.

**E.     Appellants' Bankruptcy Rule 7023 Motion.**

On March 31, 2010, approximately 14 months after the Bar Date, more than nine months

after the Debtors filed the Nineteenth Omnibus Objection and more than seven months after the

Debtors filed the Thirty-First Omnibus Objection, Appellants filed the Motion. <u>ROA</u> 654-790.

Following a hearing on April 15, 2010 (the "April 15 Hearing"), the Bankruptcy Court denied

the Motion. <u>ROA</u> 1-19. On June 23, 2010, Appellants appealed.

**SUMMARY OF ARGUMENT**

In the Opinion and Order, the Bankruptcy Court concluded that: (i) Appellants

were not the authorized representatives of the Unnamed Claimants, <u>ROA</u> 9; (ii) Appellants'

Motion was not timely filed, <u>ROA</u> 9-10; (iii) that even if the Motion were timely filed, the

bankruptcy claims process was the superior method for adjudicating the claims sought to be

asserted as Class Claims, <u>ROA</u> 11-13; and (iv) that the Debtors provided potential class members

with constitutionally proper notice. <u>ROA</u> 14-16. Appellants contend that each conclusion was

erroneous.

Specifically, Appellants argue that they were authorized to file the Class Claims,

citing <u>In re American Reserve Corp.</u>, 840 F.2d 487, 494 (7th Cir. 1988) and certain provisions of

the California unfair competition law. <u>Opening Brief</u> at 11-16. Next, Appellants argue that their

Motion was timely filed, relying on <u>Certified Class v. The Charter Co. (In re The Charter Co.)</u>,

876 F.2d 866, 874 (11 Cir. 1989). <u>Opening Brief</u> at 16-19. Additionally, Appellants argue that

the Bankruptcy Court erred by making factual findings in support of its determination that the

5

bankruptcy process was superior to class litigation. Id. at 19-20. And finally, Appellants argue

that the Unnamed Claimants did not receive constitutionally adequate notice. Id. at 21-27.

As demonstrated below, however, Appellants' arguments are without merit and

the Bankruptcy Court's Order should be affirmed. First, the Bankruptcy Court's finding that

Appellants were not the authorized representatives of the Unnamed Claimants was not clear

error. Neither Appellants nor their counsel ever presented any evidence of their authority to sign

the Class Claims on behalf of the Unnamed Claimants. Nor did any State court certify any

Appellant as a class representative. Second, the Bankruptcy Court's determination that

Appellants' Motion was untimely is not based on a clear error of fact and its determination not to

permit Appellants to proceed on their Class Claims was not an abuse of discretion. The

indisputable fact is that the Motion was not filed until over a year after the Bar Date and only

upon the insistence of the Bankruptcy Court. Third, even if the Motion were timely filed, the

Bankruptcy Court correctly determined that, under the particular circumstances existing at the

time of the Motion, of which the Bankruptcy Court properly took judicial notice, individual

claims adjudication was superior to proceeding on the purported Class Claims as class proofs of

claim. Thus, the determination not to permit Appellants to prosecute the Class Claims as class

claims was well within the exercise of the Bankruptcy Court's discretion. Fourth, and finally, the

Bankruptcy Court's correctly determined that the Debtors provided putative class members with

constitutionally adequate notice. The Bankruptcy Court's findings regarding known and

unknown creditors rests on uncontested facts and, thus, its conclusion that certain putative class

members were only entitled to publication notice is proper. Moreover, as the Bankruptcy Court

made clear, to the extent that any particular putative class member was in fact known, its ruling

was without prejudice to such person's right to file a claim in the case and challenge the

adequacy of notice. <u>ROA</u> 16. Thus, even an error by the Bankruptcy Court regarding the notice

to certain putative class members is not a basis to reverse the Order with respect to the Motion.

Accordingly, this Court should affirm the Order.

## ARGUMENT

## I.   THE BANKRUPTCY COURT CORRECTLY STATED THE STANDARD FOR ALLOWING CLASS PROOFS OF CLAIM.

Appellants begin their arguments with the contention that the Bankruptcy Court was

"hostile" to the concept of class claims and, moreover, "manufactured a ban on class actions."

<u>Opening Brief</u> at 8-9. That is simply not true. The Bankruptcy Court properly stated the standard

for determining whether to make Rule 7023 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") applicable and allowing Appellants to proceed with their Class Claims.

Specifically, the Bankruptcy Court started by noting that although "considerable question

persists as to whether class claims are ever permissible in bankruptcy," it "accepted that filing a

class proof of claim may be permissible under certain circumstances." <u>Opinion</u> at 6; <u>ROA</u> 6. In

that regard, the Bankruptcy Court properly concluded that the filing of a class proof of claim is

"not a matter of right." <u>ROA</u> 6, but instead a discretionary decision under Bankruptcy Rule

9014. <u>See</u>, <u>e.g.</u>, <u>American Reserve</u>, 840 F.2d at 494 (recognizing a bankruptcy court's discretion

under Bankruptcy Rule 9014(c) not to apply Bankruptcy Rule 7023); <u>In re Bally Total Fitness of

Greater New York, Inc.</u>, 402 B.R. 616, 620 (Bankr. S.D.N.Y. 2009) (same).

In particular, Bankruptcy Rule 9014 provides that certain rules under Part VII of the

Bankruptcy Rules automatically apply in contested matters. Fed. R. Bankr. P. 9014(c).

Bankruptcy Rule 7023, and, thus, Rule 23 of the Civil Rules of Federal Procedure (the "Civil

Rules"), is not, however, one of those rules. <u>Id.</u> Instead, for Bankruptcy Rule 7023 to apply, the

Court must so direct. <u>See</u> Fed. R. Bankr. P. 9014 ("The court <u>may</u> at any stage in a particular

matter <u>direct</u> that one or more of the other rules in Part VII shall apply." (emphasis added)).

Therefore, the Bankruptcy Court correctly held that "[i]n order to have a valid class proof of claim, [the] proponent . . . must seek and obtain a determination from the bankruptcy court that Rule 7023 is applicable to the claims resolution process." <u>ROA</u> 6; <u>see also</u> <u>In re Computer Learning Centers, Inc.</u>, 344 B.R. 79, 86-87 (Bankr. E.D. Va. 2006) (holding that "the proponent of the class proof of claim must seek and must obtain application of Rule 7023 . . . . Without that order, Rule 7023 is not applicable to the proof of claim and a class proof of claim is improper"); <u>American Reserve</u>, 840 F.2d at 488 ("[T]he right to file a proof of claim on behalf of a class seems secure, <u>at least if the bankruptcy judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014</u>." (emphasis added)); <u>Reid v. White Motor Corp.</u>, 886 F.2d 1462, 1470-71 (6th Cir. 1989) (finding that a class proof of claim is not permissible without an order making Bankruptcy Rule 7023 applicable). Accordingly, the Bankruptcy Court, in using its discretion to determine whether to apply Bankruptcy Rule 7023, applied the correct standard for determining whether to allow the Class Claims and did not commit legal error. Therefore, the Bankruptcy Court's determination to deny the Motion is reviewed by this Court for an abuse of discretion, and as demonstrated below, its determination to deny Appellants' request was proper.

## II.   THE BANKRUPTCY COURT CORRECTLY APPLIED THE STANDARD FOR ALLOWING CLASS PROOFS OF CLAIM TO PROCEED.

### A.   The Bankruptcy Court Correctly Found That Appellants Were Not Authorized To File The Class Claims On Behalf of the Unnamed Claimants.

The Bankruptcy Court properly found that Appellants did not have authority to file the Class Claims on behalf of the Unnamed Claimants and accordingly the Class Claims were not valid as to the Unnamed Claimants. <u>ROA</u> 8-9. Appellants assert, however, that the Bankruptcy Court's conclusion was in error because it "misapplied, ignored, or misapprehended" the Bankruptcy Code and the Bankruptcy Rules, <u>Opening Brief</u> at 13, was not supported by any

authority, id. at 18, and relied on inapposite case law. Id. at 14. To the contrary, the Bankruptcy Court's holding that Appellants must be authorized agents is supported by Bankruptcy Code section 501, Bankruptcy Rule 3001(b) and relevant jurisprudence and does not constitute legal error. Its finding that Appellants were not, in fact, authorized agents is supported by the undisputed facts and does not constitute clear error. Accordingly, this Court should affirm.

> **1.** **Appellants were not the "authorized agents" of the Unnamed Claimants under any applicable law.**

The filing of proofs of claim is governed by Bankruptcy Code section 501 and Bankruptcy Rule 3001. Section 501(a) provides that "[a] creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a) (emphasis added). And, Bankruptcy Rule 3001(b) provides that "a proof of claim shall be executed by the creditor or the creditor's authorized agent . . . ." (emphasis added). Based on these provisions, the Bankruptcy Court properly concluded that, "[g]enerally, a proof of claim cannot be filed by anyone other than the creditor, an authorized representative of that creditor, or an indenture trustee." ROA 8; see American Reserve, 840 F.2d at 492 (discussing the general rule that one creditor cannot file for another creditor, but noting exceptions in Bankruptcy Rules 3001(b) and 7023).

Here, there is no dispute that Appellants are not "indenture trustees". And, there is no dispute that each Appellant filed a Class Claim on behalf of itself and the Unnamed Claimants, as alleged creditors. Thus, in order to properly file the Class Claims under section 501 and Bankruptcy Rule 3001, Appellants had to be the "authorized agents" of the Unnamed Claimants.

Appellants do not dispute this general legal principle. See Opening Brief at 9, 11-15 (arguing that Appellants are authorized agents for the Unnamed Claimants without disputing requirement). Instead, Appellants argue that they are the "authorized agents" for the Unnamed Claimants. As shown below, Appellants' arguments were properly rejected below.

Under general agency law, in order to be an authorized agent, one must have express

authorization to file a proof of claim on another's behalf. See In re North Bay General Hospital,

Inc., 404 B.R. 443, 459 (Bankr. S.D. Tex. 2009) (finding that "[u]se of the qualification

'authorized' reflects the Supreme Court's intention that an entity that files a proof of claim on

another's behalf have express – and not merely implied – permission to do so" (citing Fed. R.

Bankr. P. 3001(b), drafted by the Supreme Court); In re Ionosphere Clubs, Inc., 101 B.R. 844,

852  (Bankr. S.D.N.Y. 1989) ("Only when an agent has express authorization may he file a claim

on behalf of another."). There is no dispute that Appellants did not have express authorization

from the Unnamed Claimants to file the Class Claims. Indeed, counsel for Appellants did not

assert it had such authorization during the April 15 Hearing or in the Opening Brief. See

Opening Brief at 9, 11-15; ROA 1190-1226.  Moreover, Appellants have never been certified as

class representatives. Thus, as the Bankruptcy Court properly held, Appellants could only

proceed after obtaining the requisite authorization from the Bankruptcy Court by means of a

Bankruptcy Rule 7023 motion. ROA 9.

In reaching the above conclusion, the Bankruptcy Court relied on the Seventh Circuit's

decision in American Reserve. In that decision, the court held that, while the named claimant on

a class proof of claim may serve as an "agent for the missing" under certain circumstances, "not

every effort to represent a class will succeed; the representative is an agent only if the class is

certified."  American Reserve, 840 F.2d at 493 (emphasis added). Thus, under American Reserve

a class must be certified for the class representative to proceed on a class proof of claim. Here,

the Bankruptcy Court did not insist on such a strict standard. Instead, the Court stopped short of

requiring class certification and merely required Appellants to seek authorization to proceed

under Bankruptcy Rule 7023 before they filed their class proofs of claim. ROA 9 (holding that

because Appellants failed to file the Motion before they filed the Class Claims, appellants were not entitled to file the class proofs of claim on behalf of the Unnamed Claimants). This holding is supported by the language of section 501(a) and Bankruptcy Rule 3001(b) and accords with the holding of <u>American Reserve</u>. Consequently, the Bankruptcy Court's factual finding that Appellants did not have express authorization at the time Appellants filed the Class Claims was not clear error. Moreover, its conclusion that authorization was required at the time Class Claims were filed is not legal error, but follows from the statutory requirements of section 501 and Bankruptcy Rule 3001. Accordingly, denying the Motion was not an abuse of discretion, and on this basis alone the Order should be affirmed.

### 2. Appellants' Arguments Regarding California Unfair Competition Laws Cannot Be Raised For The First Time On Appeal.

Appellants also argue for the first time in these proceedings that under California state law they may be "deputized" to file the Class Claims "without certifying a class." <u>Opening Brief</u> at 15. Appellants may not raise this argument for the first time on appeal.

It is well-established that an issue not raised in the lower court will not be considered on appeal. <u>See</u>, <u>e.g.</u>, <u>EEOC v. Balt. County</u>, 2010 U.S. App. LEXIS 13087, at *6 n.5 (4th Cir. June 25, 2010) ("In their appellate brief, the EEOC argues for the first time that the ERS violates the ADEA . . . . Because the EEOC did not make these arguments below, they have forfeited the right to make these arguments in this appeal."); <u>Canal Corp. v. Finnman (In re Johnson)</u>, 960 F.2d 396, 404 (4th Cir. 1992). Here, Appellants were well aware of the Debtors' opposition to the class status of their claims and had ample opportunity to raise this argument below. Nonetheless, they failed to do so at any point – either in the Class Claims, in their responses to the Supplements, in the Motion or in their reply in support of the Motion.  They may not remedy that failure now.

**3.    If this Court considers Appellants' argument regarding California Unfair Competition Laws, it should be rejected.**

Even if this Court considers Appellants' untimely argument under California's Unfair Competition Laws, the Court should reject the argument because the relevant statutes have been amended and superseded and the cases upon which Appellants rely have been overruled.

Specifically, Appellants argue that under the California Business and Professions Code § 17200 et seq. (the "UCL"), "an action may be brought by any 'person, corporation or association or by any person acting for the interests of itself, its members or the general public.'" Opening Brief at 15 (quoting Saunders v. Superior Court, 27 Cal. App. 4th 832, 839 (Cal. Ct. App. 1994)). Saunders, in turn, was quoting UCL section 17204. Saunders, 27 Cal. App. 4th at 839. Based on that statute and Saunders, Appellants argue they may be "deputized" by the court to represent the Unnamed Claimants "without certifying a class." Opening Brief at 15 (emphasis added) (citing Cortez v. Purolator Air Filtration Products Co, 23 Cal. 4th 163, 172 (Cal. 2000)).

The UCL, however, was amended by "Proposition 64" in 2004, subsequent to Saunders and Cortez. See 2004 Cal. Legis. Serv. Prop. 64; ROA 1668-1673. Specifically, as amended, section 17203 now includes the following requirement:

> Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure . . . .

Cal. Bus. & Prof. Code § 17203. Section 17204 now provides that:

> Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction . . . upon the complaint of a board, officer, person, corporation or association or by a person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

Id. at § 17204. As amended, the statutes clearly and unambiguously provide that a claimant may no longer bring a suit on behalf of the "general public."  More importantly, perhaps, the California Supreme Court, in analyzing the revisions made by Proposition 64, held that "an

12

employee who, on behalf of himself and other employees, sues an employer under the [UCL] for Labor Code violations <u>must satisfy class action requirements</u>." <u>Arias v. Superior Court</u>, 209 P.3d 923, 926 (Cal. 2009) (emphasis added). In reaching this conclusion, the court reviewed the information provided to voters and concluded that, "[a] thorough review of the Voter Information Guide . . . leaves no doubt that . . . one purpose of Proposition 64 <u>was to impose class action requirements</u> on private plaintiffs' representative actions brought under the [UCL]." <u>Id.</u> at 979 (emphasis added); <u>see also</u> <u>Martinez v. Combs</u>, 231 P.3d 259, 267, n. 10 (Cal. 2010) (reiterating the holding that "private plaintiffs must ordinarily obtain class certification to represent others in UCL actions"). Thus, it is clear that the statute cited by Appellants was amended and superseded and the cases upon which Appellants rely overruled. Accordingly, Appellants' new untimely argument should be rejected and the Order affirmed.

**B.    The Bankruptcy Court Properly Found That The Motion Was Untimely Because It Was Not Filed Prior To The Bar Date And Appellants Did Not Establish "Excusable Neglect".**

The Bankruptcy Court denied the Motion as untimely because it was not filed prior to the Bar Date.  <u>Opinion</u> at 10; <u>ROA</u>  10. Appellants, however, argue that they were not obligated to seek such authorization until the Debtors specifically objected to the class status of their claims, relying primarily on <u>Charter</u>, 876 F.2d 866. <u>Opening Brief</u> at 27-28. As demonstrated below, Appellants argument should be rejected.

**1.    The Motion was untimely under Bankruptcy Code section 501 and Bankruptcy Rules 3001 and 9014.**

As set forth above, Bankruptcy Rule 9014 permits the Bankruptcy Court, in its discretion, to direct that Bankruptcy Rule 7023 apply to a contested matter. Thus, once filed, the Bankruptcy Court was required to exercise its discretion to determine whether Appellants' Motion was untimely. The Court concluded that the Motion was untimely because it had not be filed prior to

the Bar Date – a determination supported by section 501 and Bankruptcy Rules 3001 and 9014.

As set forth above, to timely file the Class Claims, Appellants had to be approved as "authorized agents" by seeking such authorization from the Bankruptcy Court on or before the Bar Date.  Consequently, the Bankruptcy Court properly concluded that, under Bankruptcy Code section 501 and Bankruptcy Rules 3001 and 9014, a motion for application of Bankruptcy Rule 7023 should be filed prior to the Bar Date.

This conclusion is also supported by the fact that the Bankruptcy Court has broad discretion with respect to the application of Bankruptcy Rule 7023. Specifically, Bankruptcy Rule 9014(c) provides, in pertinent part, that "[t]he court <u>may at any stage</u> in a particular matter direct that one or more of the other rules in Part VIII [of the Bankruptcy Rules] shall apply [to a contested matter]." Fed. R. Bankr. P. 9014 (emphasis added). Thus, under Bankruptcy Rule 9014, the Bankruptcy Court is given the discretion to determine "at what stage" Bankruptcy Rule 7023 may be applied, if it applies at all. Here, the Bankruptcy Court determined that, because Appellants were not otherwise authorized agents, their filing of the Class Claims before the Bar Date constituted a stage in a contested matter and, thus, made it incumbent on Appellants to request that the Court make Rule 7023 applicable. <u>See</u> <u>ROA</u> 9-10. This determination was not an abuse of the Bankruptcy Court's discretion and is well supported by existing case law.

For example, in the case that Appellants heavily rely, the court held that that "<u>[f]iling a proof of claim is a 'stage'</u>. <u>American Reserve</u>, 840 F.2d at 488 (emphasis added);  <u>see also</u> <u>In re Ephedra Prods. Liab. Litig.</u>, 329 B.R. 1,7 (S.D.N.Y. 2005) ("Objection to the class proofs of claim was not a necessary prerequisite to a motion for class certification."). Indeed, as the court in <u>Computer Learning</u> reasoned,

> [i]n fact, the issue in controversy is whether the proof of claim may be filed as a class proof of claim in the first instance. <u>This is the contested matter</u>. It is resolved

> by filing a Rule 7023 motion which itself commences the contested matter. Logically, the Rule 7023 motion should be granted before a class proof of claim is filed. . . . A Rule 7023 motion filed [after objection to the class proof of claim] is merely an attempt to remedy an obvious defect that will otherwise certainly result in disallowance of the claim."

Computer Learning, 344 B.R. at 88-89 (emphasis added). Thus, the Bankruptcy Court had

discretion to require that Appellants bring the Motion prior to the Bar Date.

Notwithstanding the foregoing, Appellants argue that Bankruptcy Court did not have

such authority, relying heavily on Charter. Opening Brief at 17-18. Appellants argue that the

Charter court held that claimants were not required to file a Bankruptcy Rule 7023 motion until

after the Debtors objected to the class proof of claim. Id. at 17. Based on that holding, Appellants

argue that their obligation to file the Motion was not triggered until the Debtors objected to the

Class Claims on the basis that they should not have been filed as class claim. Id.

In an earlier decision from the Bankruptcy Court, however, the Charter decision was

limited. Specifically, in Computer Learning, the court considered Charter but reasoned that,

although Charter may have suggested that the filing of an objection creates a contested matter

such that a Bankruptcy Rule 7023 motion need not be filed until after the filing of an objection,

"this argument is generally used as textual support that class proofs of claim are permissible, not

to determine the timeliness of the filing of the Rule 7023 motion." Computer Learning, 344 B.R.

at 88. Thus, the Computer Learning court limited Charter's holding in this District.

The Appellees submit that, although the Computer Learning decision is not binding on

this Court, this Court should similarly limit Charter's holding. Indeed, to conclude otherwise and

thereby require an objection to a class claim before requiring the claimant to file a Bankruptcy

Rule 7023 motion completely contradicts the undisputed legal principle that allowing a class

claim is within the Bankruptcy Court's discretion, see, e.g., American Reserve, 840 B.R. at 494

(finding that bankruptcy judge has discretion under Rule 9014 not to apply Rule 7023); Bally,

15

402 B.R. at 620 (same); Ephedra, 329 B.R. at 5 (same), and the statutory requirement that only creditors, indenture trustees and authorized agents are permitted to even file proofs of claim. 11 U.S.C. § 501; Fed. R. Bankr. P. 3001.

Even assuming, arguendo, that the Charter decision is not so limited, Appellants reliance on Charter is misplaced for two reasons. First, in Charter, the class had already been certified at the time the 7023 motion was filed. Charter, 876 F.2d at 875. In contrast, here, no class has ever been certified and, thus, Charter is easily distinguishable.

Second, even if Charter applies, it supports affirming the Bankruptcy Court's conclusion that the Motion was untimely.  Specifically, in Charter, the court concluded that because the claimant "promptly . . . moved to invoke Rule 7023" after "an objection was filed," the 7023 motion was timely. Charter, 876 F.2d at 875. Thus, even assuming Charter set forth the correct standard, the relevant inquiry is whether Appellants unduly delayed in filing the Motion after the Appellees first objected to the Class Claims. As set forth below, they did.

Here, again, the facts are not disputed. Approximately four months after the Bar Date, on June 22, 2009, the Debtors first objected to the Gentry and Hernandez Class Claims. ROA 144-219. Approximately two months later, on August 20, 2009, the Debtors first objected to the Card and Skaf Class Claims. ROA 237-302. Under the Objection Procedures approved by the Bankruptcy Court, "[e]ach Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014."  See ROA 131; see also Fed. R. Bankr. P. 3007; Fed. R. Bankr. P. 9014. Months after, on March 31, 2010, Appellants filed the Motion. Because Appellants waited nearly nine and seven months, respectively, after Appellees first objected to the Class Claims to file the Motion, Appellants failed to "promptly . . . move[] to invoke Rule 7023." See Charter, 876 F.2d at 875; see also In re

Musicland Holding Corp., 362 B.R. 644, 652 (Bankr. S.D.N.Y. 2007) (finding that a party's delay in filing a Bankruptcy Rule 7023 motion "bears on the exercise of the discretion whether to apply [Rule 7023 and] Rule 23"). Accordingly, the Bankruptcy Court should be affirmed.

Appellants attempt to avoid that result by arguing that the relevant event that triggered the requirement to file Motion was the filing of the Supplements. Specifically, Appellants argue that the Objections were not "substantive" and did not specifically object to the class status of the Class Claims. Opening Brief at 17-18. Whether the Objections were "substantive"[3] or whether the Objections expressly objected to the class nature of the Class Claims is irrelevant, however, because the Objections themselves constituted contested matters under Bankruptcy Rules 3007 and 9014 and the Objection Procedures Order. Accordingly, there can be no legitimate dispute that, at that time, Appellants could not have moved to make Bankruptcy Rule 7023 applicable, but that they failed to do so until many months later.

Accordingly, because a contested matter commenced with the filing of the Class Claims (or at the latest, when the Objections were filed), the Court properly found that Appellants should have filed the Motion at or prior to that time. Thus, the Bankruptcy Court did not abuse its discretion in denying the Motion and the Bankruptcy Court's Order should be affirmed.

**2. Appellants failed to establish that any delay in filing the Motion was the result of excusable neglect.**

Having concluded that the Motion should have been, but was not, brought prior to the Bar Date, the Bankruptcy Court properly turned to the question whether the delay in filing the Motion should be excused. In this regard, the Bankruptcy Court noted that, if the Motion were to be granted when it was filed – approximately 14 months after the Bar Date – thereby

---

[3]   Appellees submit that the Objections were substantive in that they sought to significantly affect Appellants' rights by disallowing or reclassifying the Class Claims. .

retroactively validating the previously invalid filing of the Class Claims, it would be tantamount to allowing Appellants to file the proofs of claim more than one year after the Bar Date. ROA 10-11. As such, the Bankruptcy Court concluded that Appellants were required to establish that failure to file the Motion prior to the Bar Date was the result of excusable neglect. Id.; see also Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship, 507 U.S. 380 (1993) (establishing two-part test for determining whether failure to file timely proof of claim was the result of excusable neglect). Because Appellants did not provide any evidence of excusable neglect, the Bankruptcy Court properly found that Appellants had not carried their burden and thus that the Motion should be denied. Id.

As the Bankruptcy Court and other courts have held, bar dates are important to the orderly administration of any bankruptcy proceeding for both debtors and creditors. See Opening Brief at 10; see also Maressa v. A.H. Robins Co., Inc., 839 F.2d 220, 221 (4th Cir. 1988) ("Congress has established a scheme which requires the filing of . . . claims within a set time limit to promote certainty and finality."). Thus, claimants who seek to file claims after a court-prescribed bar date must establish that "the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b); see also Pioneer, 507 U.S. 380.

Here, Appellants filed their Motion over 14 months after the Bar Date, and Appellants have made no effort to carry their burden of establishing excusable neglect.[4] To allow the Class Claims to proceed as class proofs of claim at this stage of the bankruptcy without such a showing would effectively allow an end run around the Bar Date, to the detriment of other creditors with timely-filed claims. See In re Adam Aircraft Indus., Inc., 2009 WL 2100929, *9 (Bankr. D. Colo.

---

[4]    The burden of proving excusable neglect lies with the claimant seeking to file a late proof of claim. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996).

2009) (denying a class proof of claim and stating that, "[i]n the case at bar, the employees have already been afforded one bite at the claims apple, and [class claimant] has not demonstrated a reason why they should receive a second"); <u>see</u> <u>also</u> <u>In re W.R. Grace & Co.</u>, 389 B.R. 373, 380 (Bankr. D. Del. 2008) (noting that allowing a class claim would allow an "end run around the bar date [and] would adversely affect the bankruptcy . . . by permitting those who missed the bar date and who received at least publication notice to interpose claims into this case, without establishing [] excusable neglect"); <u>In re Protected Vehicles, Inc.</u>, 397 B.R. 339, 347 (Bankr. D.S.C. 2008). Because Appellants failed to carry their burden, the Bankruptcy Court properly denied the Motion.

Accordingly, here, again, the Bankruptcy Court did not commit clear error in finding that Appellants did not satisfy the excusable neglect standard and did not abuse its discretion in denying the Motion as untimely. Thus, the Order should be affirmed.

## C.    The Bankruptcy Court Correctly Found That Even If The Motion Were Not Untimely, The Bankruptcy Claims Process Is Superior To The Class Claims Process.

Although the Bankruptcy Court found that the Motion was not timely filed, it further found, as an additional basis for denying the Motion, that the individual bankruptcy claims process was superior to proceeding with the Class Claims as class proofs of claim. <u>ROA</u> 13. Appellants, however, assert that the Bankruptcy Court reached its conclusion based on improper factual findings. Appellants' arguments as to the Bankruptcy Court's factual findings fail because, first, the Court nowhere stated that it would not make any factual findings and, second, the Bankruptcy Court's factual findings were based on matters with respect to which it could properly take judicial notice and were not clearly erroneous.

### 1.    The April 15 Hearing was an evidentiary hearing.

Appellants argue that the Bankruptcy Court could not make any factual findings because

the April 15 Hearing was not an evidentiary hearing. <u>Opening Brief</u> at 1, 20. In support of this

argument, Appellants assert that the Bankruptcy Court stated that the hearing would not be an

evidentiary hearing. <u>Id.</u> at 20. The Bankruptcy Court, however, made no such statement.

Instead, the Court stated, in response to Appellants' counsel's question as to the

applicability of the <u>Civil Rule 23 factors</u> in a Bankruptcy Rule 7023 motion, that such factors

were applicable

> only to the extent that -- will it aid the Court in administering the case? That's
> what a Bankruptcy Court is going to be concerned about. Or is it going to
> interfere with the administration of the bankruptcy estate?  That's what the 7023
> motion is about. And that's why you do it on a threshold basis. And, yes, you can
> say these are the factors we're going to have to prove for class certifications, but
> you don't have to put on evidence, or prove any of that at that point in time. You
> can make those allegations, say this is what it is, this is what we're going to have
> to show, this is what we think we can show, and then the Court can decide
> whether it makes sense from a case administration standpoint to proceed in that
> fashion.

<u>ROA</u> 999-1000. Thus, the Court said only that Appellants would not be required at this stage to

present evidence regarding the Civil Rule 23 factors – <u>e.g.</u>, numerosity, whether common

questions of law and fact predominate, and adequacy of representation. <u>See</u> Fed. R. Civ. P. 23.

The Court, however, did not absolve Appellants of their burden to establish that Bankruptcy Rule

7023 should be made applicable. Indeed, Appellants appeared to recognize that they bore the

evidentiary burden in making the Motion, given that Appellants' counsel attached a declaration

in support of the Motion and other supporting materials. <u>See</u> <u>ROA</u> 681-785, 794-909. Thus, the

Bankruptcy Court was not precluded from making evidentiary rulings. Accordingly, the

Bankruptcy Court did not commit clear error in making proper factual findings and the Order

should be affirmed.

> **2.      The Bankruptcy Court's findings of fact are adequately supported by the
> record and are not clearly erroneous.**

Each factual findings made and relied upon by the Bankruptcy Court in determining that

the class action process was inferior to the bankruptcy claims process was adequately supported

by the record or was a reasonable inference therefrom and, as such, was not clearly erroneous.

"It is well established that a court may take judicial notice of its own records and files,

whether it is requested to do so or not." Etlin v. Unknown, 2009 U.S. Dist. LEXIS 104669, 2-3

(E.D. Va. Nov. 9, 2009) (citing Fed. R. Evid. 201); see Lolavar v. De Santibanes, 430 F.3d 221,

224 n.2 (4th Cir. 2005) (taking judicial notice of a court of record); Fletcher v. Bryan, 175 F.2d

716, 717 (4th Cir. 1949) (where justice requires, "court should not hesitate to look to its own

records to see what they disclose . . ."). Thus, the Bankruptcy Court "may take judicial notice of

the contents of the docket and pleadings in [related cases before the Court.]"  Rutland v.

Burkeholder, 2009 U.S. Dist. LEXIS 102203, 2-3 (D.S.C. Oct. 1, 2009); see also Wellington

Apt., LLC v. Clotworthy (In re Wellington Apt., LLC), 350 B.R. 213, 248 (Bankr. E.D. Va.

2006). In addition, the Court may make reasonable inferences therefrom. See, e.g., Bittner v.

Borne Chem. Co., 691 F.2d 134, 139 (3d Cir. 1982) (holding that a finding made "in light of the

several reasonable inferences" was not clearly erroneous); see also Educ. Credit Mgmt. Corp. v.

Frushour (In re Frushour), 433 F.3d 393, 410 (4th Cir. 2005) (Hamilton, J., dissenting) ("[T]he

bankruptcy court obviously made its findings . . . based upon reasonable inferences founded on

common sense and experience from the direct and circumstantial evidence in the case.").

In reaching its determination that the bankruptcy claims process was the most efficient

method for adjudication of the Class Claims, the Bankruptcy Court found that the Debtors'

bankruptcy cases provide "(i) established mechanisms for notice, (ii) established mechanisms for

managing large numbers of claimants, (iii) proceedings centralized in a single court with

nationwide service of process, and (iv) protection against a race to judgment since all of the

debtor's assets are under the control of the bankruptcy court." ROA 11. Each finding has ample

support in the record, the Bankruptcy Code and Rules and, thus, is not clearly erroneous.

First, "established mechanisms for notice" are found in, among other things, Bankruptcy Rule 2002 and the Court's Bar Date Order. See Fed. R. Bankr. P. 2002 (establishing rules for notice in bankruptcy cases); ROA 92-113. Second, with respect to "established mechanisms for managing large numbers of claimants", the Bankruptcy Court could properly relied on Bankruptcy Rule 3007, as well as the Omnibus Objection Procedures. See Fed. R. Bankr. P. 3007 (establishing rules with respect to objections to claims and allowing omnibus objections to multiple claims); ROA 124-143. Bar dates, required by Bankruptcy Rule 3003, also enable debtors and bankruptcy courts to manage large numbers of claims. See Fed. R. Bankr. P. 3003. Third, the broad jurisdiction granted to bankruptcy courts enables them to centralize proceedings in a single court. See 28 U.S.C. § 157(b) (allowing bankruptcy judges to hear and determine "all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11"); id. at § 157(c) (allowing bankruptcy judges to hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11"). In addition, Bankruptcy Rule 7004(d) authorizes nationwide service of process. See Fed. R. Bankr. P. 7004(d). Fourth, and finally, the automatic stay of section 362 prevents a race to judgment. See 11 U.S.C. § 362(a).

Accordingly, each of the Bankruptcy Court's findings as to the efficiency of the bankruptcy process is well supported and is not clearly erroneous. See also Computer Learning, 344 B.R. at 92 (noting that "[a] bankruptcy case presents many of the same mechanisms to process large numbers of claims a class action"); Musicland, 362 B.R. at 650-51. As a result, "[o]ften, the superiority of the class action vanishes when the other available method is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost. ROA 11 (internal quotations omitted).

The Bankruptcy Court further based its decisions on certain facts regarding the Debtors' bankruptcy cases. Specifically, the Court found that a large number of claims have been filed against the Debtors and the Court had already entered orders with respect to more than half of them. ROA 12. As such, the Court found that it was unlikely that any additional claims by the Unnamed Claimants would adversely affect the claims resolution process. Id.

Again, the Bankruptcy Court properly took judicial notice of its publicly available claims register, which establishes the number of claims filed in the Debtors' cases at in excess of 15,000. See Claims Register, supra at 3, n.2. The Court also properly took judicial notice of the docket in the Debtors' cases, which includes orders as to more than half of the filed claims. ROA 1663-1667. As such, the Court could reasonably infer that the Unnamed Claimants' claims were unlikely to adversely affect the claims resolution process. See, e.g., Bittner, 691 F.2d at 139. Accordingly, the Court's conclusion was proper and the factual findings on which it was based were not clearly erroneous.

The Court further found that litigation of the Class Action Lawsuits "would involve time-consuming, protracted litigation that could delay and lessen the distribution of the Debtors' assets to the creditors." ROA 12. Appellants assert that this finding was improper and "not based on any evidence whatsoever." Opening Brief at 20-21. To the contrary, the Court's finding that complex labor litigation would be lengthy and costly is not a factual assertion requiring discovery. Indeed, by Appellants' own admission, as of the Petition Date, Gentry's Class Action Lawsuit had already been litigated for approximately six years and had not proceeded much beyond the Debtors' motion to compel arbitration (which was filed promptly after the complaint was filed and before any discovery). See Gentry v. Superior Court, 165 P.3d 556, 559-60 (Cal. 2007) (describing procedural posture of Gentry Class Action Lawsuit). Moreover, while at least

23

some progress has arguably been made pre-petition as to Gentry's Class Action Lawsuit,

litigation has not proceeded at all in the Card and Skaf Class Action Lawsuits, having been filed

shortly before and after the Petition Date, respectively. As such, the Bankruptcy Court could

reasonably infer that litigation with respect to four separate Class Claims would involve time-

consuming, protracted litigation that could delay and lessen the distribution of the Debtors'

assets to creditors. See, e.g., Bittner, 691 F.2d at 139. Accordingly, the Bankruptcy Court's

factual finding was not clearly erroneous.

In addition, the Court found that concerns regarding inconsistent adjudications were not

at issue in bankruptcy because all proceedings are centralized in a single court. ROA 13. As set

forth above, this finding is proper and not clearly erroneous. Finally, the Court found that

deterrence of future improper behavior were not at issue in the context of bankruptcy,

particularly liquidating cases such as the Debtors'. Id. That the Debtors' cases are liquidating

cases is well established by the docket. The Court's resulting conclusion is well supported by the

case law. See Ephedra, 329 B.R. at 9 ("Under the Bankruptcy Code, general deterrence is not

promoted at the expense of creditors. Whatever weight deterrence may have in a true

reorganization, it has none in a liquidating [case]."); Computer Learning, 344 B.R. at 91-92.

Based on the foregoing, neither the Court's underlying factual findings nor its ultimate

finding that class litigation was inferior to proceeding through the bankruptcy claims resolution

process are clearly erroneous. Accordingly, the Bankruptcy Court did not abuse its discretion in

denying the Motion and the Order should be affirmed.

## III.   THE BANKRUPTCY COURT PROPERLY FOUND THAT NOTICE OF THE BAR DATE WAS SUFFICIENT AS TO THE UNNAMED CLAIMANTS.

Finally, the Bankruptcy Court properly found that certain of the Unnamed Claimants are

unknown creditors as to whom publication notice was proper. Appellants, however, contest this

finding and assert, first, that the Unnamed Claimants are entitled to notice in compliance with Civil Rule 23 and second, that  the Unnamed Claimants are, in fact, known creditors. For the reasons set forth below, each of Appellants' arguments fail.

> **A.    Appellants May Not Challenge The Bar Date Order Or The Bar Date Notice And Lack Standing To Object To The Notice To The Unnamed Claimants.**

As a threshold matter, Appellants' arguments are based on their assertions regarding the sufficiency of the Bar Date Notice and the service thereof. These arguments fail because Appellants may not, at this point, mount a collateral attack on the Bar Date Order and because Appellants' lack standing to object on behalf of the Unnamed Claimants.

First, Appellants repeatedly assert that the Bar Date Notice contained "legalese" and was "incomprehensibly confusing."  Opening Brief at 3, 22. The form and content of the Bar Date Notice, however, were approved by the Bankruptcy Court as appropriate, without objection from any party (including Appellants). ROA 16, n. 16. To the extent Appellants had concerns as to the sufficiency of the Bar Date Notice or Order, Appellants could have timely objected seeking clarification as to whether the Bar Date Order permitted class proofs of claim or timely filed a Bankruptcy Rule 7023 motion. At this point, however, Appellants' assertions as to the insufficiency of the Bar Date Notice amount to an improper collateral attack on the Bar Date Order – a final, unappealable order of the Bankruptcy Court entered almost two years ago. See Fed. R. Bankr. P. 8002(a) (requiring that a notice of appeal be filed within 14 days of the entry of the order appealed from); see also Seidel v. Durkin (In re Goodwin), 194 B.R. 214, 225 (7th Cir. 1984) ("[A] ruling can only be challenged on a direct appeal, not by a collateral attack.").

Moreover, even if Appellants had legitimate issues with service of the Bar Date Order at this time, they do not have standing to object to the notice provided to the Unnamed Claimants. Counsel to Appellants, and, thus, each of Appellants, received actual notice of the Bar Date. As

such, Appellants did not suffer any injury in fact. See Lujan v. Defenders of Wildlife, 504 U.S.

555, 560 (1992) (holding that, to have standing, the plaintiff personally "must have suffered an

'injury in fact'"). Moreover, as discussed above, neither Appellants nor Appellants' counsel

represent Unnamed Claimants or are the authorized agents of such parties. Accordingly,

Appellants may not act on the Unnamed Claimants' behalves. See Warth v. Seldin, 422 U.S.

490, 499 (1975) (noting that a party "generally must assert his own legal rights and interests, and

cannot rest his claim to relief on the legal rights or interests of third parties").

Finally, the Bankruptcy Court stated, and Appellees do not contest, that "to the extent any

Unnamed Claimant can demonstrate that he or she did not receive adequate notice, as required

by due process, that Claimants is not barred from seeking authorization to file a late proof of

claim on his or her own behalf." ROA 16. Thus, the Unnamed Creditors are free, as is any other

creditor who contends that he received inadequate notice, to seek to file a claim. Accordingly,

the Unnamed Claimants are not deprived of any rights or remedies by virtue of the notice

provided to them. Those rights and remedies, however, belong solely to such Unnamed

Claimants and may not be raised by Appellants, as would-be class representatives.

Consequently, Appellants attacks on the notice provided to the Unnamed Claimants

should be rejected and the Bankruptcy Court's Order should be affirmed.

## B.        The Unnamed Claimants Are Not Entitled To Civil Rule 23 Notice.

Even assuming, arguendo, however, that Appellants may properly challenge the notice

provided to the Unnamed Claimants, Appellants' arguments are without merit. Specifically,

Appellants first allege that due process requires that the Unnamed Claimants receive the notice

that class claimants would receive in a certified class action under Civil Rule 23. Appellants

further assert that "many courts recognize the right of putative class members to receive Rule 23

notice in bankruptcy proceedings." Opening Brief at 23. In support of this argument, Appellants

assert that due process requires a specific class notice. Id. As demonstrated below, Appellants' arguments should be rejected because Civil Rule 23's due process considerations are not even applicable at the stage at which the Class Action Lawsuits currently stand.

While Civil Rule 23 may require certain notice procedures that differ from the notice procedures required in bankruptcy, such provisions apply, by the terms of Civil Rule 23, only to classes certified under the rule. See Fed. R. Civ. P. 23(c)(2) (setting out certain notice requirements for "any class certified under Rule 23(b)(1) or (b)(2)" or "any class certified under Rule 23(b)(3)"). To date, no class has been certified. Indeed, in order to certify a class – which then requires particularized notice – the proponent of the class must make a significant evidentiary showing under Civil Rule 23(a) as to, among other things, the numerousity of the class, whether there are common questions of law and fact, the typicality of the claims of the class representative and adequacy of representation. See Fed. R. Civ. P. 23(a). In addition, the class proponent must demonstrate that a class is appropriate for the reasons set forth in Civil Rule 23(b). See Fed. R. Civ. P. 23(b). Only after these significant findings is notice under Civil Rule 23 appropriate. Thus, where, as here, no class has been certified, Civil Rule 23 notice is inapplicable. As such, there is no due process requirement that notice to the Unnamed Claimants comply with Civil Rule 23. Accordingly, the Bankruptcy Court's denial of the Motion was not an abuse of discretion and the Bankruptcy Court's Order should be affirmed.

**C.      The Court's Finding That The Unnamed Claimants Are Unknown Creditors Is Not Clearly Erroneous.**

The Bankruptcy Court found, and Appellees submit, that Appellees have provided actual notice to their known creditors and publication notice to their unknown creditors as due process requires and, thus, have afforded all creditors the reasonable opportunity to timely file proofs of claim. Specifically, the Bankruptcy Court found that the Unnamed Claimants are unknown

creditors as to whom publication notice is sufficient. Appellants, on the other hand, contend that the Unnamed Claimants are known creditors who must receive actual notice. For the reasons set forth below, Appellees submit that Appellants' contentions are baseless.

Appellants do not appear to dispute the legal standard applied by the Bankruptcy Court as to known versus unknown creditors. ROA 14; Opening Brief at 25. Instead, Appellants assert that the Bankruptcy Court misapplied that standard and relied on improper factual findings in determining that the Unnamed Claimants were unknown creditors. Again, however, the Bankruptcy Court's conclusion was based on certain facts readily ascertainable from the record of which the Court may take judicial notice and such findings were not clearly erroneous.

In particular, the Bankruptcy Court found that Appellees had provided notice of the Bar Date to their employees for the three years prior to the Petition Date and parties with pending litigation or grievances involving Appellees. ROA 15-16. This finding is based upon the Affidavit of Service of the Bar Date Notice, is not clearly erroneous and, indeed, is not disputed by Appellants. Opening Brief at 16. The Bankruptcy Court further found that notice to the Unnamed Claimants was likely to involve significant time and expense. Id. Again, this finding, is not clearly erroneous. It is undisputed, based on Appellants' own Class Action Lawsuits, that the Unnamed Claimants include a number of categories of employees employed at Appellees' California stores during varying periods beginning as far back as 1998, a decade before the Petition Date. Moreover, the record clearly establishes that approximately 40,000 employees were employed as of the Petition Date. ROA 44. From this, the Court could reasonably infer that serving multiple categories of employees employed in the Debtors' stores in California – an indisputably large state – over a period of a decade was likely to involve service on a significant number of additional persons, as well as access to older records by a company that had filed for

bankruptcy and thus was plainly "in dire financial condition." <u>ROA</u> 15.

In light of the foregoing factual findings, the Court concluded that, "to the extent the Unnamed Claimants were not employed within the three years prior to the Petition Date and were not served with actual notice of the Bar Date, those Unnamed Claimants are unknown creditors and publication notice was sufficient to satisfy due process." <u>Id.</u> at 16. This conclusion is well supported by the case law. In particular, the Unnamed Claimants had not joined in any pending litigation; nor had they commenced any litigation on their own or advised the Debtors in writing of their intention to do so. <u>See</u> <u>Matter of Chicago, Rock Island & Pacific R.R. Co.</u>, 90 B.R. 329, 331 (N.D. Ill. 1987) (finding that, "in the absence of any indication that a particular claim would ensue," employee was an unknown creditor and was not entitled to actual notice).

In addition, courts must also consider the interests of all the debtor's creditors and other parties in interest when determining what form of notice is appropriate in a particular case. Indeed, as the Fourth Circuit has stated:

> In bankruptcy, the court has an obligation not only to the potential claimants, but also to existing claimants and the petitioner's stockholders. The court must balance the needs of notification of potential claimants with the interest of existing creditors and claimants. A bankrupt estate's resources are always limited and the bankruptcy court must use discretion in balancing these interests when deciding how much to spend on notification.

<u>Vancouver Women's Health Collective Soc. v. A.H. Robins Co., Inc.</u>, 820 F.2d 1359, 1364 (4th Cir. 1987). In balancing these competing interests, courts have held that publication notice is appropriate where, as here, the sheer volume of potential claimants in relation to the size of their claims makes it excessively costly for the debtors to serve the claimants with actual notice of the claims bar date. <u>See</u> <u>Fogel v. Zell</u>, 221 F.3d 955, 963 (7th Cir. 2000) ("Notice by publication may thus be entirely appropriate when potential claimants are numerous, unknown, or have small claims (whether nominally or . . . realistically) . . .").

Additionally, Appellees were not required to give actual notice of the Bar Date to creditors if Appellees reasonably believed those creditors had abandoned their claims. See Matter of Chicago, Rock Island & Pacific R.R. Co., 788 F.2d 1280, 1283 (7th Cir. 1986)("[A] trustee has no duty to give notice to creditors who he reasonably believes have abandoned their claims . . . ."); Charter Crude Oil Company v. Petroleos Mexicano (In re Charter Company), 125 B.R. 650, 655 (M.D. Fla. 1991) (same). To the extent that an Unnamed Claimant did not receive actual notice of the Bar Date, that Claimant had not been employed for three years and had not commenced any unresolved litigation. Therefore, under these circumstances, Appellees could reasonably believe that such Unnamed Claimants had abandoned any potential claims against Appellees' estates. Thus, the Bankruptcy Court's finding that Appellees' provision of actual notice to all employees for the previous three years, as well as to any employee with pending litigation or grievance against Appellees, included all known creditors was not clearly erroneous.

Appellants, finally, assert that the Unnamed Claimants were in fact known creditors because the Debtors sought to enforce arbitration agreements against such claimants in Gentry's Class Action Lawsuit. Opening Brief at 26-27. This argument is also baseless. The opinion in the Gentry Class Action Lawsuit considers only the arbitration agreement of Gentry himself and not of any Unnamed Claimant, and no Unnamed Claimants are identified thereby. Gentry, 165 P.3d 556. Accordingly, the proceedings with respect to Gentry's Class Action lawsuit provide no basis for Appellants' assertion that Appellees have previously identified the Gentry Unnamed Claimants (let alone the Card, Hernandez or Skaf Unnamed Claimants).

Accordingly, the Bankruptcy Court did not commit clear error. For this additional reason, this Court should affirm the Bankruptcy Court's Order.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Order should be affirmed.

Dated: September 24, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636 (302) 651-3000

            - and –

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

            - and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession