**MATTHEW RIGHETTI, ESQ.**   {CSB# 121012}
matt@righettilaw.com
**JOHN GLUGOSKI, ESQ.**   {CSB# 191551}
jglugoski@righettilaw.com
**MICHAEL RIGHETTI, ESQ.**   {CSB #258541}
mike@righettilaw.com
**RIGHETTI GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:      (415) 983-0900
Facsimile:      (415) 397-9005

**JASON M. KRUMBEIN, ESQ**   {VSB# 43538}
**KRUMBEIN CONSUMER LEGAL SERVICES, INC**
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
Telephone:      (804) 673-4358
Facsimile:      (804) 673-4350

Attorneys for Appellants Card,
Hernandez, Gentry and Skaf, et al.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

| | |
|---|---|
| Gentry et al., | Case No. 3:10-cv-00567-HEH |
| Appellants | **APPELLANTS' REPLY BRIEF** |
| v. | Date:  TBD |
| Circuit City Store, Inc., *et al.*, | Time:  TBD |
| Appellees | Hon. Henry E. Hudson |

# TABLE OF CONTENTS

I.   INTRODUCTION...................................................................................................1

     A.   Standard of Review.....................................................................................1

     B.   Authorization to File Class Proof of Claim ..............................................1

     C.   Timeliness of Rule 7023 Motion................................................................2

     D.   Class Action Versus Bankruptcy Claims Resolution.................................3

     E.   Notice to Unnamed Claimants....................................................................4

II.  ARGUMENT.......................................................................................................5

     A.   Appellees Mutilate The Seventh Circuit's Analysis and Conclusion In *American
          Reserve*.......................................................................................................5

          1.   Appellants were not required to obtain "express authorization" from each
               unnamed claimant.............................................................................6

          2.   Appellants did not need to be certified class representatives to file valid
               class proofs of claim.........................................................................6

     B.   The Bankruptcy Court's Ruling Regarding "Timeliness" Conflicts With
          Numerous Circuit Courts of Appeal...........................................................8

          1.   Appellees seek to isolate the Eastern District of Virginia from other circuit
               courts of appeal..................................................................................9

          2.   The Court should adhere to the principle of *stare decisis*.........................10

          3.   Appellants diligently and properly sought relief after receiving an
               objection to their class claims..............................................................11

          4.   Appellee's argument regarding excusable neglect makes no sense...........12

     C.   Appellees Arguments' Regarding The Lower Court's Factual Findings Are
          Unsupported By The Record......................................................................13

          1.   The lower court could not and did not take judicial notice of anything....15

APPELLANTS' REPLY BRIEF

D.    Appellees' Arguments Regarding Notice Are Off The Mark Because The Lower Court Did Not Take Judicial Notice Of Anything To Distinguish Between "Known" and "Unknown" Creditors...................................................................16

        1.    The facts which the lower court apparently took judicial notice *are disputed* by Appellants..........................................................................18

III.    CONCLUSION..............................................................................................20

APPELLANTS' REPLY BRIEF

## TABLE OF AUTHORITIES

<u>**FEDERAL CASES**</u>

*California Offset Printers, Inc. v. Hampton Intern. Comms*,

       95 F.2d 1146 (C.A. 9 (Cal.) 1996)...................................................................15

*In Re American Reserve Corp.*

       840 F.2d 487 (7th cir. 1988)...........................................................1, 2, 7, 8, 10

*In Re Charter Corp.*

       876 F.2d 866 (11th Cir. 1989).................................................................8, 9, 10

*In Re Computer Learning Centers*,

       344 B.R. 79, 88-89 (Bankr. E.D. Va, 2007...................................8, 9, 13, 15, 16

*In Re Ephedra Prods. Liab. Litig.*,

       329 B.R. 1,5 (S.D.N.Y. 2005)........................................................................16

*In Re J.A. Jones, Inc.*

       492 F.3d 242, 249 (C.A. (N.C.), 2007).....................................................17, 20

*In Re North Bay General Hospital, Inc.*,

       404 B.R. 443, 459 (Bankr. S.D. Tex. 2009)....................................................6

*Mennonite Bd. of Missions v. Adams*,

       462 U.S. 791 (1983) ......................................................................................20

*Montejo v. Louisiana*,

       129 S. Ct. 2079 (2009).................................................................................11

*Mullane v. Central Hanover Bank & Trust Co.*

       339 U.S. 306, 314 (1950).............................................................................17

*Payne v. Tennessee*,

       501 U.S. 808, 827-828, (1991).....................................................................11

iii

*Reid v. White Motor Corp.*,

     886 F.2d 1462 (C.A. 6 (Ohio) 1989).............................................................................7, 8

*Tulsa Professional Collection Service, Inc. v. Pope*,

     485 U.S. 478, 490 (1988)..................................................................................................20

APPELLANTS' REPLY BRIEF

# I.    INTRODUCTION

## A.    Standard of Review

Appellees concede that the Bankruptcy Court made findings of fact without conducting an evidentiary hearing.  Yet, Appellees falsely assert that "the Bankruptcy Court was permitted to and did make proper findings of fact based on matter of which it took judicial notice – findings reviewed for clear error." (Appellees' Opposition, pg. 1.)  A fatal flaw in Appellees' claim is that the record is *devoid* of any indicia that the lower court took judicial notice of *anything*.  In fact Appellees never requested judicial notice as to any fact(s) and the lower court made no such ruling. It is most intriguing that Appellees now suggest that this Court review the Bankruptcy Court's "findings of fact" for clear error.  As Appellants explained in their opening brief, the lower court erred in making findings of fact without conducting an evidentiary hearing and, since all of the Court's conclusions involve mixed questions of law and fact, *de novo* review is the correct standard to be used by this Court.

## B.    Authorization to File Class Proofs of Claim

As to the merits of the appeal, Appellees first argue that "a class must be certified for the class representative to proceed on a class proof of claim."  Opposition, pg. 10.  Like the court below, Appellees either misapply, ignore, or misapprehend the detailed analysis conducted by the Seventh Circuit in *In Re American Reserve Corp.*, 840 F2d 487 (7th cir. 1988).  In *American Reserve* the Seventh Circuit expressly found that a putative class representative *is authorized to file on behalf of similarly situated individuals* – even though a class had yet to be certified prior to filing the class claims in the bankruptcy court.  *Id.* at 493.  While not entirely clear, Appellees seem to argue that a putative class representative must receive individual authorization from each and every unnamed creditor before being authorized to file a class proof of claim on their behalf.  On the other hand, Appellees argue that a putative class representative must first petition the Court via a Rule

7023 motion *before* filing the class proof of claim. Both scenarios, however, conflict with the facts and express holding in *American Reserve*, which permits a *putative* class representative to file a class proof of claim on behalf of unnamed claimants *after which s/he may petition the court to apply Rule 7023 to the class proof of claim*. What appears crystal clear is that Appellees sought – and the lower court created entirely by judicial caveat – a Byzantine labyrinth through which no class claims could ever hope to survive in this circuit. This, even though the exact same claims would be allowed in all other circuits that have considered the issue!

## C.    Timeliness of Rule 7023 Motion

With respect to the timeliness of Appellants Rule 7023 motion, Appellees ask this Court to further distance itself from numerous circuit courts of appeal, which hold that a proof claim shall be allowed until objected to. Appellees ask that this Court approve the lower court's finding that a Rule 7023 motion must be brought prior to the bar date. Opposition, pg. 15. Although Appellees recognize that "the *Computer Learning* decision is not binding on this Court" (Opposition, pg. 15), Appellees ask this Court to support a time limitation – entirely judicially manufactured – that does not exist in any statutes or jurisprudence outside of the Eastern District Bankruptcy Court of Virginia. The reason no such time limitation exists is because it conflicts with the law and creates a trap for the unwary putative class claimant who files a class proof of claim prior to the bar date in compliance with the rules only to find out there is a an "unwritten rule" barring the claim. The rule of law Appellees ask this Court to adopt imposes a time bar that does not exist, and allows debtors to wait until after the bar date to object to a class proof of claim – at which point it is impossible for the class proof of claim to proceed in bankruptcy because the deadline to file a Rule 7023 motion passed with the bar date. Such a rule could not conflict more with both existing law and notions of equity and justice in bankruptcy proceedings. Moreover, as here, there is absolutely NO WAY a putative class representative could muster a class certification motion without first being given the

opportunity to conduct discovery. This Court will recall that Appellants were barred from conducting discovery during the stay – and then their Rule 56 motion to conduct discovery was denied.

Appellees also argue that even under the correct interpretation of the case law as set forth by the Eleventh Circuit, Appellants did not diligently move the Bankruptcy Court for an order applying Rule 7023. Such an argument is utterly disingenuous and conflicts with Appellees' earlier arguments and the lower court's conclusion that the Rule 7023 Motion should have been brought prior to the bar date!

Appellees seek to rely on their omnibus, perfunctory objections to suggest that Appellees disputed the class claims since their inception. Even the most cursory review of those objections disproves Appellees' contention. As Appellants have clearly demonstrated, Appellees did not object to the class claims until they filed their supplemental objections over one year after Appellants filed their class proofs of claims. At that point, Appellees *immediately* sought relief from the Bankruptcy Court in the form of a Federal Rule of Civil Procedure ("FRCP") Rule 56 Motion (denied by the lower court) followed by the Rule 7023 Motion, which is at issue herein.

### D.     Class Action Versus Bankruptcy Claims Resolution.

In support of the lower court's finding that the bankruptcy claims resolution process is superior to a class action, the court made numerous factual findings. Appellees do not dispute this, nor can they. Instead, Appellees make the fantastic claim that the factual findings were based on matters "to which [the lower court] could properly take judicial notice." Opposition, pg. 19. Appellees also argue that the Bankruptcy Court "nowhere stated that it would not make factual findings." At best, Appellees are "playing loose and fast" with the events which led to this appeal.

Appellants appeared before the lower court on March 25, 2010 seeking leave under FRCP Rule 56 to conduct discovery to gather the evidence needed to oppose Appellees' motions for

summary judgment and supplemental objections. As Appellants Opening Brief makes clear, Appellants *specifically* made clear that they did not have the evidence to make a Rule 7023 motion at that time. (Opening Brief, pg. 19-20). Appellees, on the other hand, opposed Appellants application for discovery contending that it was not necessary for Appellants to conduct any discovery -- and the lower court confirmed that Appellants "don't have to put on evidence, or prove any of [the Rule 23 factors] at that point in time." *Id.* at 88:25-89:1. Appellants Rule 56 motion was thus denied. Having secured that victory, Appellees and the lower court now seek to "whipsaw" Appellants by claiming that the subsequent motion was indeed an evidentiary motion– and judicial notice must have been made (though not even requested) and granted of key facts despite the absence of any record establishing either a request or an order regarding same. The real reason there is nothing in the record is because Appellees never sought – and the lower court certainly never granted – any application to grant judicial notice as to any facts. Appellees arguments to the contrary are simply incredible.

Having been precluded from conducting any discovery – and relying on the lower court's assurance that the Rule 7023 motion was not an evidentiary motion – Appellants immediately made their motion without being afforded the opportunity to conduct any discovery and without the ability to put forth any evidence. Appellees opposed the motion but never made a request for judicial notice, and the Bankruptcy Court never stated that its Memorandum Opinion or Order were based on facts of which it could have taken, or did take judicial notice. Having created a situation in the lower court that does not suit its argument here, Appellees seek to conflate the record to cure what was an obvious defect in the lower court's analysis and conclusion.

### E.   Notice to Unnamed Claimants

Finally, Appellees assert that the lower court did not err in finding that Appellees' notice procedure complied with due process because 1) unnamed claimants are not entitled to notice

pursuant to FRCP Rule 23 and 2) the Bankruptcy Court properly deemed the unnamed claimants "unknown creditors" such that publication notice was sufficient. Neither argument has merit.

First, Appellees ignore the fact that the lower court's ruling extinguished the rights of hundreds of unnamed claimants without ever taking reasonable steps to inform them about the nature or existence of their potential claims. Second, Appellees' argument regarding "unknown creditors" relies entirely on whether this Court believes it was appropriate, much less possible, for the lower court to make findings of fact by judicial notice. Here, neither party ever made such a request and the lower court never actually communicated that it took judicial notice or on what basis judicial notice was being granted and/or as to what facts. Moreover, the "facts" Appellees claim that the lower court apparently took judicial notice of are expressly disputed by Appellants, making it even more inappropriate to take judicial notice of them.

Try as they might, the lower court's Memorandum Opinion and Order are not defensible. Appellants are confident this Court will recognize the prejudicial error suffered by the Appellants and the putative class of former employees on whose behalf the class claims were filed.

## II.    ARGUMENT

**A.    Appellees Mutilate The Seventh Circuit's Analysis And Conclusion In *American Reserve*.**

Despite Appellants' detailed discussion of *American Reserve* in their opening brief, which demonstrated how the facts of this matter are almost identical to the facts of *American Reserve*, Appellees continue to misconstrue the Seventh Circuit's analysis and ultimate conclusion. Appellees attempt at misdirection is understandable, but unavailing. Appellees argue:

> There is no dispute that Appellants did not have express authorization from the Unnamed Claimants to file the Class Claims . . . Moreover, Appellants have never been certified as class representatives. Thus, as the Bankruptcy Court properly held, Appellants could only proceed after obtaining the requisite authorization from the Bankruptcy Court by means of a Bankruptcy Rule 7023 Motion.

Opposition, pg. 10. *This is not what the Seventh Circuit held in American Reserve.* Appellees

persuaded the lower court to fabricate two prerequisites for filing class proofs of claim, neither of which has any basis in the bankruptcy code or jurisprudence outside of the Eastern District of Virginia.

> **1.   Appellants were not required to obtain "express authorization" from each unnamed claimant.**

Appellees first suggest that Appellants were actually required to obtain written authorization from every unnamed claimant in order to qualify as an "authorized agent." (Opposition, pg. 10) The absurdity of this suggestion aside, there is absolutely no authority supporting the notion that a putative class representative must seek authorization from each putative class member prior to filing a class proof of claim.  Moreover, how one could be expected to even attempt such an "opt-in" process while being denied the opportunity to conduct discovery as to names and contact information for class members is befuddling.

Like the lower court, Appellees cite to *In Re North Bay General Hospital, Inc.*, 404 B.R. 443, 459 (Bankr. S.D. Tex. 2009) for the proposition that one must have express permission to file a proof of claim on another's behalf.  Appellants addressed the *North Bay General Hospital* case at page 14 of their Opening Brief, and Appellants will not repeat the same arguments they articulated there.  Suffice to say *North Bay General Hospital* did not involve a class action or even a putative class action, and the facts are otherwise of no help to resolving the issues presented herein.  In any event, this is not an FLSA "opt-in" class action where class members are required to affirmatively consent to join the class.  Rather, this case is a Rule 23 "opt-out" class action where class members stay in the class until/unless they opt-out.  Though the differences between an opt-in class as compared to opt-out class are stark, they seem to be lost on both Appellees and the lower court.

> **2.   Appellants did not need to be certified class representatives to file valid class proofs of claim.**

In support of their unfounded position that Appellants were not authorized to file class

proofs of claim, Appellees argue "under *American Reserve* a class must be certified for the class representative to proceed on a class proof of claim." Opposition, pg. 10.  Not surprisingly, however, Appellees fail to explain how this ridiculous conclusion comports with the facts of *American Reserve*, where the Seventh Circuit held that the putative class representatives were authorized to file a class proof of claim *without* class certification.[1]  In *American Reserve*, the Seventh Circuit held,

> Section 501 does not interfere with filing by agents. The representative in a class
> action is an agent for the missing. Cf. *United States Parole Commission v.
> Geraghty,* 445 U.S. 388 (1980); *Sosna v. Iowa,* 419 U.S. 393 (1975) (two cases
> that by allowing class actions to survive the mootness of the representative's claim
> show that the representative must be an agent for others with live claims). Not
> every effort to represent a class will succeed; the representative is an agent only if
> the class is certified. **Putative agents keep the case alive pending the decision
> on certification.** See *Geraghty;* cf. *American Pipe* (the filing of a class suit
> suspends the statute of limitations for all members of the class, even though the
> district court does not certify the class originally requested). If the bankruptcy
> judge denies the request to certify a class, then each creditor must file an
> individual proof of claim; the putative agent never obtains "authorized agent"
> status. **If the court certifies the class, however, the self-appointed agent has
> become "authorized", and the original filing is effective for the whole class
> (the principals). It follows that there may be class proofs of claims in
> bankruptcy.**

*American Reserve*, 840 F.2d at 493 (emphasis added).  This holding could not be more clear and it was expressly adopted by the Sixth Circuit as well in *Reid v. White Motor Corp.*, 886 F.2d 1462 (C.A. 6 (Ohio) 1989).  Appellants recognize that in order to ultimately succeed on their class proofs of claim, they must petition the bankruptcy court, *with supporting evidence*, to apply Rule 7023 to their class proofs of claim and ultimately make the requisite showing under FRCP Rule 23 for class certification.  Here, however, the lower court's Memorandum Opinion and Order preempts this standard procedure and voids Appellants' class proofs of claim at the outset. As the putative class representatives were in *American Reserve*, Appellants herein are "putative agents" who "keep the

---

[1]       Appellees' counsel, like Appellants' counsel, have an ethical duty to accurately cite legal principles to the Court – even more so as counsel for both parties have been admitted *pro hac vice*. It is startling, therefore, to stand witness to Appellees' counsel's bald misrepresentation about the facts and holding of the *American Reserve* case.

APPELLANTS' REPLY BRIEF

case alive pending the decision on certification." *Id.* Appellees' argument to the contrary either demonstrates their inability to comprehend this sound legal principal or exposes a devious ploy to get this Court to affirm the lower court's demonstrably incorrect decision.

**B.     The Bankruptcy Court's Ruling Regarding "Timeliness" Conflicts With Numerous Circuit Courts Of Appeal.**

The lower court's conclusion that Appellants' Rule 7023 motion had to be brought <u>before</u> the bar date conflicts with the Seventh Circuit's decision in *American Reserve*, the Eleventh Circuit's decision in *In Re Charter Co.* 876 F.2d 866 (11th Cir. 1989), and the Sixth Circuit's decision in *Reid v. White Motor Corp.*, 886 F.2d 1462 (C.A. 6 (Ohio) 1989). Recognizing that the bankruptcy court in the Eastern District of Virginia issued a decision that contradicts these circuit courts of appeal (*See In Re Computer Learning Centers*, 344 B.R. 79, 88-89 (Bankr. E.D. Va, 2007)), Appellees expressly ask this Court to issue a decision in direct conflict with those cases notwithstanding well established circuit court precedent.

As discussed above, the Seventh Circuit in *American Reserve* authorizes a putative class representative to file a class proof of claim prior to class certification and to then petition the court for class certification following an evidentiary hearing. The Seventh Circuit did not require that a Rule 7023 motion had to be brought before the bar date. Rather, it held that a putative class representative is authorized to file a class proof of claim, after which the putative class representative keeps the case alive pending certification. *American Reserve*, 840 F.2d at 493.

The lower court's decision also contradicts the Sixth Circuit's decision in *Reid v. White Motor Corp.*, 886 F.2d 1462 (C.A. 6 (Ohio) 1989) which expressly adopted the language and reasoning of the Seventh Circuit in *American Reserve*. See *Reid* at 1469-1470.

Likewise, and most importantly, the lower court's decision and the decision of the Eastern District of Virginia Bankruptcy Court in *Computer Learning* directly conflict with the Eleventh Circuit's decision in *In Re Charter Co.* As explained in Appellants' Opening Brief at pages 16-17,

"the Bankruptcy Rules impose no time requirement with respect to filing a motion for application of Bankruptcy Rule 7023; indeed, the Code contains no other instance where a claimant must perfect a claim prior to objection." *Charter Co.* 876 F.2d at 874.  The Eleventh Circuit went so far as to state that it is in fact *improper* to request that Rule 7023 be made applicable to a class proof of claim prior to receiving an objection to the proof of claim. See Opening Brief, pg. 16.

1.   **Appellees seek to isolate the Eastern District of Virginia from other circuit courts of appeal.**

Recognizing that the Sixth, Seventh and Eleventh Circuits expressly refute the lower court's imposition of a deadline to file a Rule 7023 motion, Appellees ask this Court to "march to the beat of a different drummer" and adopt the interpretation of the Bankruptcy Court of the Eastern District of Virginia.  Appellees argue:

> In an earlier decision from the Bankruptcy Court, the *Charter* decision was limited.  Specifically, in *Computer Learning*, the court considered *Charter* but reasoned that, although *Charter* may have suggested that the filing of an objection creates a contested matter such that a Bankrupty Rule 7023 motion need not be filed until after the filing of an objection "this argument is generally used as textual support that class proofs of claim are permissible, not to determine the timeliness of the filing of the Rule 7023 motion." *Computer Learning*, 344 B.R. at 88.  Thus, the *Computer Learning* court limited *Charter's* holding in this district.

> The Appellees submit that, although the *Computer Learning* decision is not binding on this Court, this Court should similarly limit *Charter's* holding.

Opposition at pg. 15.  To be sure, no other circuit court of appeal has interpreted the Sixth Circuit's decision in *Charter* to be merely "textual support that class proofs of claim are permissible, not to determine the timeliness of the filing of the Rule 7023 motion" as the Bankruptcy Court for the Eastern District of Virginia has done.  Indeed, such a reading directly contradicts the express holding of *Charter*.

In *Charter*, the precise issue on appeal was whether the claimants had complied with the bankruptcy procedure by waiting for debtor to object to their class proof of claim before filing a Rule 7023 motion.  *Charter*, 876 F.2d at 874. The court actually addressed two issues:

In this appeal, we address two issues, in the following order. First, we must decide whether proofs of claim on behalf of a class of claimants are allowable in bankruptcy. Second, if such proofs of claim are allowable, we will address whether the particular claim filed by the appellants complied with the procedural requirements of the Bankruptcy Rules.

*Charter*, at 868.   After concluding that class proofs of claim were permissible pursuant to the Seventh Circuit's decision in *American Reserve*, the court concluded that there was no undue delay because a "proof of claim is allowed until objected to" and "the Bankruptcy Rules impose no time requirement with respect to filing a motion for application of Bankruptcy Rule 7023." This was not dicta; it was the precise holding of the Sixth Circuit Court of Appeal following a detailed discussion of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the decisions of its sister circuits, including the Seventh Circuit in *American Reserve* – a decision that the Sixth Circuit found persuasive such that it expressly adopted its reasoning and conclusions. The court stated:

> Whether the Bankruptcy Code permits class proofs of claim is a question of first impression in this circuit, and only two of our sister circuits have dealt with the issue. In *In the Matter of American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir.1988), the Seventh Circuit approved the filing of class proofs of claim. Earlier, the Tenth Circuit had reached the opposite result. *In re Standard Metals*, 817 F.2d 625, 630 (10th Cir.1987), *vacated and reversed on other grounds sub nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (1987), *cert. dismissed* 488 U.S. 881 (1988). While the precedential value of the holding in *Standard Metals* is uncertain, in any case we find the reasoning of *American Reserve* more persuasive.

*Id.* at 869.   On its face, Appellees argument merely asks this Court to "limit" the holding in *Charter* as the Bankruptcy Court did in *Computer Learning* (Opposition, pg. 15). In reality, however, Appellees are asking this Court to directly contradict the holdings of every circuit which has directly addressed the issue – something this Court should be very reticent to do under the principles of *stare decisis.*

**2.      The Court should adhere to the principle of *stare decisis.*

While stare decisis is not "an inexorable command," we adhere to it as "the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles,

fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Montejo v. Louisiana*, 129 S. Ct. 2079 (2009), quoting *Payne v. Tennessee*, 501 U.S. 808, 827-828, (1991).

Here, numerous circuit courts of appeal have confronted the very same issues presented by this appeal, *to wit* (1) whether the putative class claimants (Appellants) are authorized to file class proofs of claim in bankruptcy proceedings prior to certification and (2) whether it is appropriate to wait until a debtor objects to the class claims before petitioning a bankruptcy court to apply Rule 7023 to a class proof of claim.  There is no authority from the Fourth Circuit on these issues; however, the Sixth, Seventh and Eleventh Circuits have each addressed both directly as discussed in detail above.  As to both issues, all three circuits have answered in the affirmative and Appellees present no authority from any other circuit to contradict them  To uphold the principles enunciated by the Supreme Court above, this Court should follow the example set by these sister circuit courts of appeal as opposed to the lower bankruptcy court which appears to be judicially manufacturing a conflict without justification.

 3. **Appellants diligently and properly sought relief after receiving an objection to their class claims.**

Appellees argue that even under a proper interpretation of the timeliness issue, as set forth by the Eleventh Circuit in *Charter*, Appellants failed to timely move the lower court for Rule 7023 relief.  Appellees point the finger at Appellants for failing to promptly seek Rule 7023 relief after Appellees first filed their omnibus objections to Appellants' proofs of claims, but in fact, it was Appellees who waited over one year (thirteen months) to actually object to the class claims. See Ex. 6 and 13 to Declaration of Michael Righetti filed in support of Appellants' Opening Brief. Immediately after receiving Appellees' supplemental objections, Appellants sought relief from the Bankruptcy Court via a FRCP Rule 56 application for discovery and then the FRBP Rule 7023 motion at issue herein.

Appellees disingenuously and callously assert that the nature and grounds for their initial objections are "irrelevant" because, so their argument goes, *any* objection to a claim creates a "contested" matter, which allows one to seek Rule 7023 relief. Opposition, pg. 17. Appellees' state, therefore, Appellants should have moved for Rule7023 at that time. Appellees argue:

> There can be no legitimate dispute that, at that time, Appellants could not have moved to make Bankruptcy Rule 7023 applicable, but that they failed to do so until many months later.

Opposition, pg. 17. This argument is problematic for Appellees because *it contradicts their earlier position that the Bankruptcy Court did not abuse its discretion in finding that Appellants' Rule 7023 Motion had to be filed before the Bar Date.* Earlier, Appellees argued that pursuant to the law as applied by the Bankruptcy Court in the Eastern District of Virginia, Appellants were required to file a Rule 7023 motion prior to the bar date in order for the motion to be timely. Now, however, Appellees argue that Appellants should have moved for Rule 7023 relief after Appellants filed their first round of omnibus objections, which were not filed until *months after the bar date* (the Bar Date was January 30, 2009 at 5:00 p.m. but Appellees filed omnibus objections nineteen and thirty-one on June 26, 2009 and August, 20, 2010 respectively). Pursuant to the lower court's ruling, it would have been untimely to seek Rule 7023 relief even when Appellees claim Appellants should have done so. Apparently in the Bankruptcy Court of the Eastern District of Virginia, it is never timely to ask that Rule 7023 be made applicable, and this is exactly one of the reasons why Appellants submit that the bankruptcy court in this District is hostile to class actions. This is simply not the way Congress intended the system to work.

4.     **Appellees' argument regarding excusable neglect makes no sense.**

Appellees argue, "having concluded that the Motion should have been, but was not, brought prior to the Bar Date, the Bankruptcy court properly turned to the question whether the delay in filing motion should be excused." Opposition, pg. 17. For the reasons set forth in the immediate

section above, this argument is illogical and exposes the lower court's flawed reasoning. Appellees argued that pursuant to the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, Appellants should have moved for Rule 7023 relief after Appellees' filed their omnibus objections. But then they completely shift gears and argue that the Bankruptcy Court properly concluded that the Motion "should have been, but was not, brought prior to the Bar Date." Opposition, pg. 17. There is no way for Appellees to reconcile these two conflicting positions.

Moreover, Appellants have never asked the Bankruptcy Court to "excuse" any failure to file a Rule 7023 motion prior to the Bar Date for the simple reason that Appellants have not neglected to do anything that is required by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

### C. Appellees' Arguments Regarding The Lower Court's Factual Findings Are Unsupported By The Record.

In their opening brief, Appellants argued that it was improper for the lower court to make factual findings in its analysis of whether the bankruptcy claims process is superior to a class action without conducting an evidentiary hearing. Appellees make two arguments in opposition. Appellees argue that the Bankruptcy Court "nowhere stated that it would not make any factual findings," and the Bankruptcy Court's factual findings were based on matters with respect to which it could properly take judicial notice." Opposition, pg. 19. Both arguments are demonstrably false.

As to the first argument, Appellees completely misconstrue the record from the March 25, 2010 hearing and the events which led up to that hearing. Appellants Opening Brief highlighted that pursuant to *Computer Learning*, 344 B.R. 79, 91 (Bankr.E.D. Va., 2006), the court must analyze whether Rule 7023 relief is appropriate by looking at FRCP Rule 23 factors. Thus, Appellants expressly articulated that they did not have the evidence to make a Rule 7023 motion at that time. (Opening Brief, pg. 19-20). Appellees, on the other hand, specifically opposed Appellants request for discovery contending that it was not necessary for Appellants to conduct any discovery

or present evidence at the hearing.  The lower court agreed with Appellee and explained precisely

what the court's position was regarding the analysis of a Rule 7023 motion:

> The Court: In the Computer Learning case what the Court said there was that it
> was a two-step process as far as proceeding under Rule 23 in the Bankruptcy
> Court because Rule 23 is not one of the rules that is incorporated automatically
> into Rule 9014.  So, what you would need to do is file a motion with the Court to,
> you know, include Rule 23 relief as part of your contested matter, and then the
> Court can hear you and Mr. Galardi, or whoever, on that issue.  And then once we
> resolve that, if we're going to have a class action in the bankruptcy case, and there
> are a lot of reasons why the Court might or might not want to have a class action
> in the bankruptcy case, which is why you have to bring these kinds of motions,
> because they can, you know, interfere with the administration of the case, or they
> may aid in the administration of the case.  But you have to file that motion first.
> And then, the Court makes the determination really on that basis as far as whether
> it's going to assist the Court in the administration of the case or not.  And then
> once it makes that determination, then we go forward, if I rule in your favor, with,
> you know, the class certification, and you get to do that discovery, and all of that.
> So, it's a two-part process.  So, we've got sort of the cart before the horse here
> today.
>
> Mr. Righetti: Okay.  Well, does Your Honor deny that the Rule 7023 motion is an
> evidentiary motion?  I mean, we don't have – we would never make a motion
> under 7023 without the evidence, and we won't make a motion now with the
> evidence.  We'd just simply – how would we make the motion?
>
> The Court: What evidence would you have?
>
> Mr. Righetti:  Well, certainly, Your Honor, the In Re Computer Learning Center
> case identifies that a part of the 7023 motion involves looking at the FRCP 23
> factors.  It discusses that where it discusses the applicability of the 7023 motion to
> the facts of In Re Computer Learning Centers.
>
> . . .
>
> The Court:  Only to the extent that  -- will it aid the Court in administering the
> case?  That's what a Bankruptcy Court is going to be concerned about.  Or is it
> going to interfere with the administration of the bankruptcy estate?  That's what
> the 7023 motion is about.  And that's why you do it on a threshold basis.  And
> yes, you can say these are the factors we're going to have to prove for class
> certifications *but you don't have to put on evidence, or prove any of that at that
> point in time.*  You can make those allegations, say this is what it is, this is what
> we're going to have to show, this is what we think we can show, and then the
> Court can decide whether it makes sense from a case administration standpoint to
> proceed in that fashion. (Emphasis added)

See Exhibit 18, pg. 88:9-89:5.  The lower court's position could not be clearer that the hearing on the

Rule 7023 Motion was *not an evidentiary hearing*.  Despite the lower court's assurance that the Rule 7023 hearing was not evidentiary in nature, the lower court's Memorandum Opinion is rife with factual findings, specially regarding the Rule 23 factors.  Indeed, pursuant to *Computer Learning*, the lower court most likely belatedly understood that it <u>had</u> to make findings based on the Rule 23 factors in order to support its ultimate decision.  Yet, none of the court's factual findings are supported by any reference whatsoever to the record.  This constitutes egregious error. *California Offset Printers, Inc. v. Hampton Intern. Comms,* 95 F.2d 1146 (C.A. 9 (Cal.) 1996).

**1.     The lower court could not and did not take judicial notice of anything.**

Recognizing this evidentiary imbroglio, Appellees again take an inconsistent position by arguing that the hearing was an evidentiary motion, Appellants put forth evidence in the form of a declaration from Matthew Righetti, and the Bankruptcy Court properly took judicial notice of every factual finding it made in its Memorandum Opinion – each of which is a complete 180 degree change from the position Appellees in their opposition to Appellants Rule 56 Application and at the hearing on same. Clearly, Appellees understand this was the only option available to them after recognizing the lower court's error.

The problem with Appellees' argument is that Appellees never made a request for judicial notice and the lower court never explained or ruled that it was taking judicial notice of anything at all.  The lower court merely regurgitated factual findings literally picked out of thin air that supported what was evidently a preordained conclusion to deny Appellants' proofs of claim. See Ex. 25. For example, the lower court stated, "allowing the class claims to go forward would unduly complicate and delay the administration of these cases and would be more costly than beneficial. Ex. 25, pg. 12. It cannot be disputed that this is a factual finding, and Appellees do not attempt to distinguish it from a factual finding at all.  After stating this "fact" in its Memorandum Opinion, however, the lower court did not cite to anything on its docket report or other records in this matter

(as Appellees suggest); rather, the court cites to *In Re Ephedra Prods Liab. Litig.*, 329 B.R. 1,5 (S.D.N.Y. 2005), a bankruptcy decision from the Southern District of New York.   So, even *assuming arguendo* that the lower court *could* have taken judicial notice of its own documents and records in this mater, the court never did so.   Rather, the lower court based its factual findings on factual circumstances from bankruptcy courts handling other cases in other districts.

Another example of the lower court's error in this regard occurs where the court states, "the normal policy concerns favoring class litigation, such as the risk of inconsistent adjudication and the importance of deterring improper behavior by the defendants, are not issues here." Ex. 25, pg. 13. Again, this constitutes a factual finding, but rather than cite to the record or explain that the court was taking judicial notice of this "fact," the court merely cites to *Computer Learning*, 344 B.R. at 91.   Accordingly, despite Appellees' attempts to try and rescue the court from its own folly, Appellees' entirely conclusory and unsupported contention that "each of the Bankruptcy Court's findings as to the efficiency of the bankruptcy process is well supported and is not clearly erroneous" is demonstrably false.

In sum, Appellants were prevented from conducting discovery to put on evidence to support their Rule 7023 motion and directly led to believe the motion was non-evidentiary in nature. Despite this fact, the bankruptcy court proceeded to make numerous factual findings without conducting an evidentiary hearing.   And finally, the lower court gives no indication whatsoever as to whether it took judicial notice of any facts in order to conclude that the bankruptcy claims process is superior to a class action.   No court in this nation could countenance such egregious judicial action.

**D.   Appellees' Arguments Regarding Notice Are Off The Mark Because The Lower Court Did Not Take Judicial Notice Of Anything To Distinguish Between "Known" And "Unknown" Creditors.**

In their Opening Brief, Appellants contended that Appellees <u>never provided the class</u>

claimants with notice pursuant to Rule 23, despite the fact that numerous courts have required Rule 23 notice in bankruptcy cases due to the shortfalls of the typical Bar Date bankruptcy notice. Second, Appellants contended that the lower court erred by finding that the many of the putative class members were not entitled to any notice at all because they are "unknown creditors."

Appellees respond by arguing, first and foremost, that Appellants cannot now challenge the form and manner of notice because it is improper to mount a collateral attack on the Bar Date Order and Appellants are not the authorized agents of the unnamed claimants. Neither of these arguments addresses the heart of the issues presented to this Court, *to wit* whether the form and manner of notice complied with the United States Supreme Court's due process standards set forth in *Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 314 (1950) and the Fourth Circuit's own standard as set forth in *In re J.A. Jones, Inc.* 492 F.3d 242, 249 (C.A.4 (N.C.), 2007). In any event, Appellees' purely procedural arguments are meritless because Appellants are not now mounting a collateral attack on Appellees' notice procedures. Appellants are contesting the bankruptcy court's Memorandum Opinion and Order that Appellees' form and manner of notice complied with due process. This is a direct appeal from that Order.

As to the merits, Appellants cited the standard set forth by the Supreme Court and the Fourth Circuit in its Opening Brief at page 21-22. Appellees, however, contend that the unnamed claimants were not entitled to notice that was "reasonably calculated to apprise interested persons of the pending action" i.e. notice pursuant to Rule 23, because a class action had yet to be certified. Opposition, pg. 26-27. Not surprisingly, Appellees circular argument does not cite to any case law in support of this unfounded proposition. To state that the hundreds of unnamed claimants are not entitled to *Mullane* notice simply because there has not been class certification where the class representatives have been denied discovery and the right to file a class certification motion only exemplifies Appellees' disregard for the rights of its former employees throughout this process.

1. **The facts which the lower court apparently took judicial notice of on this issue *are disputed* by Appellants.**

Appellees contend that the lower did not err in distinguishing between "known" and "unknown" creditors because the lower court properly took judicial notice of "facts readily ascertainable from the record." This is absolutely false.

Appellees assert that the bankruptcy court properly took judicial notice of the following:

1) Providing actual notice to the unnamed claimants was likely to involve significant time and expense. Opposition, pg. 28.

2) The unnamed claimants include a number of categories of employees employed at Appellees' California stores during varying periods beginning as far back as 1998, a decade before the Petition Date. *Id.*

3) The record establishes that approximately 40,000 employees were employed as of the Petition Date. *Id.*

4) Serving multiple categories of employees employed in the Debtors' stores in California was likely to involve service on a significant number of additional persons, as well as access to older records by a company that had filed for bankruptcy and thus was plainly "in dire financial condition." *Id.*

As to the first fact above, i.e. providing actual notice to the unnamed claimants was likely to involve significant time and expense. It is incredible that Appellees argue that the lower court took judicial notice of this fact when Appellees know very well, as Appellants articulated in their Opening Brief at page 30, that it is not uncommon for plaintiffs' counsel to shoulder the expense and administrative burden of providing notice to putative class members. Moreover, there is no evidence in the record as to this "cost." Where the process would not cost Appellees one iota, it is quite disingenuous to argue that it was proper to take judicial notice of the fact that it would involve significant time and expense, especially where there is no evidence of such facts in the record.

APPELLANTS' REPLY BRIEF

As to the second and third facts above, i.e. the unnamed claimants include a number of categories of employees employed at Appellees' California stores during varying periods beginning as far back as 1998, a decade before the Petition Date, which number approximately 40,000. Appellants specifically disputed these facts in their Opening Brief as well. Appellants have never represented that these class actions involve approximately 40,000 employees, much less 1,000 employees. Appellants' class action complaints set out the specific categories of employees contemplated therein and Appellees' transformation of such facts into hyperbole to support the lower court's improper factual findings of which it apparently took judicial notice speaks volumes.

Finally, as to the final fact, i.e. that serving multiple categories of employees employed in the Debtors' stores in California was likely to involve service on a significant number of additional persons, as well as access to older records by a company that had filed for bankruptcy and thus was plainly "in dire financial condition." For the reasons set forth above, this process was not likely to cost Appellees anything as Appellants' counsel could have shouldered the expense. It is ironic, however, that Appellees seek sympathy from this Court due to the "dire financial condition" of Appellees when the issue involves providing notice to former employees about their rights; yet, Appellees' counsel never raises this issue when it repeatedly files its fee applications for millions and millions of dollars every quarter in the bankruptcy court. In any event, for the reasons set forth above, the facts which Appellees argue were appropriate for judicial notice are simply **nowhere** in the record and are in fact disputed by Appellants. Thus, the lower court should not have taken judicial notice of such facts, and if it did so, that constituted clear error.

Finally, Appellees Opposition does not address Appellants' contention that the lower court failed to apply the proper legal standard for determining "known" and "unknown" creditors as set forth by the United States Supreme Court in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) and the Fourth Circuit in *In re J.A. Jones, Inc.* 492 F.3d 242, 249 (C.A.4 (N.C.), 2007. An

"unknown creditor," is a claimant whose identity or claim is wholly conjectural or 'whose interests or whereabouts could not with due diligence be ascertained' by the debtor." *In re J.A. Jones, Inc.*492 F.3d . at 250. "Known creditors," in contrast, include claimants whose identities are actually known to the debtor, as well as claimants whose identities are "reasonably ascertainable" to the debtor. *Id.,* quoting *Tulsa Professional Collection Service, Inc. v. Pope,* 485 U.S.478, 490 (1988). The Supreme Court has made clear that a creditor is "reasonably ascertainable" if the debtor can uncover the identity of that creditor through "reasonably diligent efforts." *Mennonite Bd. of Missions,* 462 U.S. at 798 n. 4, (1983).

As set forth in Appellants' Opening Brief, the Bankruptcy Court Memorandum Opinion states:

> To the extent the Unnamed Claimants were not employed within the three years prior to the Petition Date and were not served with actual notice of the Bar Date, those Unnamed Claimants are unknown creditors and the publication notice was sufficient to satisfy due process.

Ex. 24, pg. 16. In their opposition, <u>Appellees do not address the fact that they did not argue—and the Court did not find—that a former employee whose employment terminated *three and one-half years prior to the petition date could not be identified, or only had a claim that was wholly conjectural, or 'whose interests or whereabouts could not with due diligence be ascertained' by the Appellees.</u> Again, this is a factual finding completely devoid of any evidentiary support. Appellants submit there is more than ample grounds to find that the lower court erred by arbitrarily distinguishing between "known" and "unknown" creditors.

## III.   CONCLUSION

For all the reasons set forth above, Appellants respectfully request that the lower court's ruling be reversed, with directions to allow the putative class representative Appellants the opportunity to conduct discovery and present a motion for class certification under principles set forth in FRCP Rule 23.

APPELLANTS' REPLY BRIEF

Respectfully Submitted,

**RIGHETTI GLUGOSKI, P.C.**

Date:  September 30, 2010

/s/ Michael Righetti
Attorneys for Appellants

/s/Jason M. Krumbein, Esq.
VSB#43538
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358
804.673.4350 fax
jkrumbein@krumbeinlaw.com e-mail

APPELLANTS' REPLY BRIEF